F. Falagán & Cía., Demandante y Apelante, *v.* La Sociedad "Centro Español," Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre desahucio.

No. 3020.—Resuelto en julio 26, 1923.

Desahucio—Pago de Alquileres—Ofrecimiento de Pago—Día Feriado—Consignación.—El pago de los alquileres vencía en diciembre 31, que era domingo. Siendo un día feriado el 1°. de enero, el arrendatario hizo ofrecimiento de pago en 2 de enero, pero el arrendador envió al arrendatario donde su agente, que tenía el recibo para el cobro y no estaba presente. Se hizo un nuevo ofrecimiento de pago en enero 6 y no fué aceptado, y

entonces el arrendatario consignó el importe del canon en la corte. *Se resolvió:* que el ofrecimiento de pago hecho en enero 2 fué suficiente y que la consignación hecha en enero 6 lo fué dentro de un término razonable.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. A. A. Vázquez y L. Méndez Vaz.*

Abogados de la apelada: *Sres. A. Arnaldo y L. Muñoz Morales.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia a favor de la demandada en una acción de desahucio. La primera cuestión es que la contestación no estaba jurada, pero en cuanto a esto la apelante simplemente está equivocada. La contestación parece haberse jurado ante el secretario de la corte.

El segundo señalamiento se refiere a la suficiencia de la contestación. El quinto hace referencia a la suficiencia de la prueba, y el tercero se relaciona con la prueba documental, pero todos estos tres señalamientos de error dependen de una sola cuestión, o sea, si la demandada tenía una defensa, o en otras palabras, si hubo hechos suficientes para impedir que el dueño pueda recobrar su finca por una supuesta falta de pago del canon de arrendamiento una vez vencido. El canon de arrendamiento que originó la alegada falta de pago venció en diciembre 31, 1922, y la apelante insiste en que el pago debió haberse verificado antes de expirar ese día.

En este caso el canon debió pagarse en diciembre 31, 1922. Este día era domingo. El día siguiente, enero 1, 1923, era festivo.

Tomando en consideración los hechos declarados probados por la corte y que están sostenidos por la prueba, al día siguiente, enero 2, el representante de la demandada fué a la oficina de la demandante Falagán y ofreció primero un cheque de $100, importe del canon, y entonces ofreció tam-

bién cien dólares en billetes de banco. Falagán contestó que el pago debía hacerse a Palóu, cobrador de Falagán, quien tenía el recibo.

Hubo otra prueba tendente a acreditar que antes de esto y en el mismo día fué Palóu a la oficina de la demandada y solicitó el pago, que el representante de la demandada no encontraba sus llaves y que Palóu convino en volver al día siguiente. Que al día siguiente, sin embargo, cuando el representante de la demandada encontró a Palóu, éste se negó a aceptar el pago toda vez que ya él no tenía el recibo y se había establecido una acción.

El día 6 de enero el representante de la demandada volvió a ver a Falagán a quien le ofreció los cien dólares, dijo que él haría su consignación y al negarse Falagán a recibir el dinero fué consignado en la Corte Municipal de Mayagüez en 6 de enero de 1923.

Aunque es cierto que en el caso de *García* v. *Fernández,* 8 D. P. R. 106, y en el de *Finlay* v. *Fabián,* 24 D. P. R. 152, resolvimos que para que una consignación sea válida debe hacerse un ofrecimiento de pago, antes de vencer el último día de un término en que el canon debía pagarse, en ninguno de estos casos era domingo el último día. Lo que quisimos decir en cada uno de esos casos era que el ofrecimiento de pago debía hacerse dentro del término permitido por la ley. La cuestión precisa estuvo ante nuestra consideración en el caso de *Veve* v. *Fajardo Sugar Growers' Association,* 18 D. P. R. 282, en donde dijimos:

''Por lo que toca al semestre de arrendamiento de enero a junio de 1911, que debía ser satisfecho en 1 de enero citado, aparece que el ofrecimiento de pago se hizo en 31 de diciembre de 1910 y 3 de enero de 1911, verificándose la consignación en 7 de enero citado; y aunque admitamos en mera hipótesis que el primer ofrecimiento fué ilegal por más que favorecía al deudor, siempre resultaría que como el día 1 de enero del año 1911 fué domingo y que el día 2 era feriado por ministerio de la ley, el primer día

hábil para hacer el pago fué el 3 de enero en que se hizo el se-gundo ofrecimiento, teniendo, por tanto, tal ofrecimiento el mismo efecto que si se hubiera realizado en el día señalado, según el precepto del artículo 389 del Código Político."

Esta opinión, así como la del caso de *García* v. *Fernández,* fué emitida por el juez Sr. Hernández. Según el artículo 389 del Código Político un pago que vence en determinado día que es feriado puede hacerse al día siguiente.

La corte inferior declaró probado que hubo un debido ofrecimiento de pago hecho el día 2 de enero, 1923. Por tanto, de conformidad con todos los casos citados, hubo un ofrecimiento hecho en tiempo, y en el caso de *Veve* v. *Fajardo Sugar Growers' Association, supra,* se resuelve que la consignación puede hacerse después dentro de un tiempo "prudencial" o "razonable." Una consignación en 6 de enero fué hecha dentro de un tiempo razonable. Véase también la sentencia de la Corte Suprema de España de febrero 15, 1916, citada por la corte inferior.

Convenimos asimismo con la apelada en que la consignación se hizo debidamente en la corte municipal en vez de en la corte de distrito. El dinero se debía y la corte municipal tenía jurisdicción en una acción para su pago.

Otro señalamiento de error fué sobre la admisión del cheque ofrecido como prueba en el juicio cuando no había sido ofrecido en el día de la presentación de la prueba documental. Con qué grado de rigor es que una corte debe adherirse a la regla, es cuestión que no resolveremos ahora. Un caso análogo es el que se presenta con respecto a los nombres de testigos endosados en una acusación y hemos resuelto que la corte tiene allí facultad para oír a otros testigos. *El Pueblo* v. *Román,* 18 D. P. R. 219. La apelante en manera alguna fué perjudicada por el cheque toda vez que el caso no giraba en absoluto en su presentación como prueba.

Al atacar la credibilidad del representante de la deman-

dada dice la apelante que era improbable que el agente hubiera ido a ver a Falagán defendido por el cheque y el dinero. Si él había recibido algún consejo legal, o temía a Falagán, su actuación era enteramente la que procedía.

No encontrando que se haya cometido error, debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.