### Miguel Meléndez Muñoz, recurrente, v. El Registrador de la Propiedad de Guayama, recurrido.

No. 645.—*Sometido:* Junio 22, 1926. *Resuelto:* Julio 28, 1926.

Hipotecas—Acción Ejecutiva Hipotecaria—Venta—Transferencia o Posposición de la Venta Señalada—Facultad del Márshal para Diferirla.—Señalada fecha—en procedimiento ejecutivo hipotecario—para la venta en subasta de los bienes, ésta se llevó a cabo al siguiente día del señalado por haber sido éste fiesta legal. Cuestionada la facultad del márshal para transferir la subasta, *se resolvió:* que bajo las circunstancias del caso y en ausencia de prueba más satisfactoria, el tribunal no estaba dispuesto a manifestar que el márshal no tenía poder para diferir, posponer o transferir la venta anunciada.

Nota de *R. V. Pérez Mercado,* R. (Guayama), denegando la inscripción de una venta judicial por los fundamentos expuestos en esta opinión. *Revocada.*

*Miguel Marcos Morales,* abogado del recurrente; el recurrido compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La parte pertinente de una orden final en un procedimiento sumario para la ejecución de una hipoteca dice así:

"Por tanto.—La Corte dicta resolución, ordenando al Secretario que expida al Márshal, el correspondiente mandamiento de ejecución y de que éste proceda a embargar y vender en pública subasta, la finca hipotecada, debiendo con el producto de la venta, pagar al demandante la suma de Tres Mil Dólares de principal, más Ciento Cincuenta Dólares para costas, gastos y honorarios de abogado de la demandante, teniendo la presente resolución toda la fuerza, efecto y vigor de un auto, ordenando la posesión de la finca hipotecada, tanto entre las partes interesadas en este procedimiento, como entre éstas y cualesquiera otras personas que reclamasen en dicho juicio, en virtud de cualquier derecho adquirido durante el mismo, debiendo el Márshal en virtud de esta orden poner al comprador en posesión de la propiedad, dentro del plazo de treinta días, contados desde la adjudicación en subasta. Y líbrese para el cumplimiento de esta orden, el oportuno mandamiento al Márshal de esta Corte."

El registrador se negó a inscribir la escritura del márshal "por observarse que la subasta en este caso fué señalada para el día 16 de abril de 1926 de dos a tres de la tarde,

no obstante lo cual, la misma fué transferida y llevada a cabo el día siguiente, 17 de abril de 1926, so pretexto de ser día de fiesta legal el día primeramente señalado, sin que el márshal tenga facultades para transferir como transfirió dicha subasta para el siguiente día.''

La teoría del registrador parece ser que el caso no cae dentro de las disposiciones del artículo 389 del Código Político que dice así:

"Cuando algún acto haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado, y tal día ocurriere en día de fiesta, dicho acto podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado.''

Alega el registrador que el día fijado en el edicto y aviso público de la venta en el presente caso no fué señalado por la ley o por contrato alguno, sino que había sido señalado por el mismo márshal.

Esta alegación asume que el poder del márshal para posponer la venta, si tal poder existe, debió haberle sido conferido por las disposiciones del artículo 389, *supra,* o por cualquiera otra disposición legislativa igualmente específica.   Sin embargo, nuestra Legislatura al crear el cargo de márshal, al definir sus poderes y deberes, al fijar su responsabilidad para los litigantes y al prescribir el procedimiento a seguir al cumplir las sentencias y órdenes puestas en sus manos para su ejecución, parece que ha dejado muchas cuestiones de detalles a la sana discreción de este funcionario, para ser ejercida de acuerdo con la naturaleza del cargo confiádole y de la responsabilidad que sobre él recae y de conformidad con los principios generales del derecho.

La ley creando el cargo de márshal de distrito, definiendo sus deberes etc., aprobada el 10 de marzo de 1904 (Comp.) dispone, entre otras cosas, lo siguiente:

"Sección 3.—El Márshal tendrá el deber:—1.—De asistir a las Cortes de Distrito durante sus respectivos períodos de sesiones ce-

lebradas dentro de su distrito, y obedecer sus órdenes legales e instrucciones.''

La venta de bienes inmuebles por un márshal en una orden de ejecución, no se notifica generalmente en Puerto Rico, a la corte para su confirmación. Como hemos demostrado, la corte no exigía ni tenía en mente en este caso ni tal informe ni tal confirmación de la venta. Al márshal se le ordenó que embargara y vendiera la propiedad hipotecada, que pagara al demandante cierta cantidad de la suma obtenida en dicha venta y dentro de los treinta días siguientes pusiera al comprador en dicha venta en posesión de la propiedad vendida.

Los artículos 1, 2 y 6 de la "Ley relativa a las sentencias y manera de satisfacerlas," Estatutos Revisados de Puerto Rico, Compilación de 1911, secciones 5295, 5296 y 5300 disponen lo siguiente:

"1.—Que en las sentencias que se dicten en juicios sobre ejecución de hipotecas y otros gravámenes se ordenará que el demandante recupere su crédito, daños y costas mediante venta de la finca sujeta al gravamen; y al efecto se expedirá una orden al márshal del distrito en que la propiedad hipotecada radique, disponiendo que proceda a embargarla y venderla para satisfacer la sentencia, en la forma prescrita por la ley para la venta de propiedad bajo ejecución; y si no se encontrase la finca hipotecada o si el resultado de su venta fuese insuficiente para satisfacer la totalidad de la sentencia, entonces el márshal procederá a recuperar el resto del dinero o remanente del importe de la sentencia sobre cualquiera otra propiedad del demandado, como en el caso de cualquiera otra ejecución ordinaria.

"Sección 2.—Siempre que en pleito sobre ejecución de hipoteca, se expida por cualquier tribunal, que tenga jurisdicción en el asunto, una orden para ejecutar dicha hipoteca sobre una propiedad inmueble, dicha orden tendrá toda la fuerza y efecto de un auto ordenando la posesión, tanto entre las partes interesadas en dicho juicio, y cualquiera persona que reclamare por virtud de derecho adquirido del demandado durante el juicio, y el tribunal así lo dispondrá en el fallo, expidiendo una orden para que el márshal o cualquier otro funcionario que ejecutase la orden de venta, proceda en virtud

de dicha orden a poner al comprador en posesión de la propiedad vendida dentro del plazo de 30 días contados desde el de la venta.

"Sección 6.—La propiedad inmueble embargada en virtud de cualquier orden de ejecución será vendida en pública subasta en la forma dispuesta por la ley para venta de propiedad personal sujeta a ejecución."

El artículo 251 del Código de Enjuiciamiento Civil prescribe la forma en que se debe dar aviso antes de verificarse la venta de los bienes objeto de la ejecución; y el artículo 252 dispone lo siguiente:

"El oficial que verificare las expresadas ventas sin el aviso prescrito en el precedente artículo, incurrirá en una multa de quinientos dollars, que pagará a la parte agraviada, además de los daños y perjuicios que le ocasionare."

Bajo estas circunstancias y en ausencia de una prueba más satisfactoria que la contenida en el alegato del registrador, no estamos dispuestos a manifestar por ahora que el márshal no tenía poder para diferir, posponer o transferir la venta anunciada para el día 16 de abril para el siguiente día, 17 de abril.   10 R. C. L. 1288–1289, 35 C. J. 30–35.

*La nota recurrida debe ser revocada.*

El Juez Asociado Señor Wolf disintió.