MERCEDES MUÑOZ BARRIOS VDA. DE ORCASITAS, peticionaria y apelante, *v.* EDUARDO URRUTIA, MARSHAL DE LA CORTE DE DISTRITO DE SAN JUAN, demandado y apelado.

No. 4371.—*Visto:* Noviembre 29, 1927. *Resuelto:* Julio 10, 1928.

*Blondet & Campillo,* abogados de la apelante; *Attorney General George C. Butte* y *R. A. Gómez* y *Emilio de Aldrey, Sub-Procuradores,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La compradora de cierta propiedad vendida en el curso

de un procedimiento sumario para la ejecución de una hipoteca, solicitó·un auto de *mandamus* para obligar al márshal de la corte de distrito a entregar ciertos papeles con el fin de que un abogado escogido por la peticionaria, preparara una escritura, y en la alternativa, que compareciera a otorgar tal escritura ante ese notario.

■■ La peticionaria apela de una sentencia declarando sin lugar su acción, y alega que la corte inferior erró al re- solver que el márshal puede designar el notario que ha de redactar la escritura de enajenación que ha de ser otorgada por el márshal a favor del comprador en una venta judicial.

El juez de distrito dice que la peticionaria no citó auto- ridad alguna en apoyo de su solicitud de *mandamus,* y ella pide la revocación de la sentencia basándose en el artículo 1358 del Código Civil con relación a la indicación de que el comprador en una venta judicial tiene derecho a que se le otorgue una escritura en forma legal de modo que pueda proteger sus derechos, y, por tanto, que debe permitírsele escoger el notario.

Nada hallamos en el artículo así invocado que tienda en forma alguna a fortalecer la contención de la apelante.

El artículo 5 de la Ley aprobada en 9 de marzo de 1905, Comp. de los Estatutos Revisados, Sección 5294, a que se refiere el juez sentenciador, dispone que el márshal deberá otorgarle al comprador en tal venta escritura pública en debida forma.

En el presente caso si el márshal se hubiese negado a otorgar la escritura, o hubiérase negado a corregir un do- cumento defectuoso, y si la peticionaria entonces hubiera tratado de obligar al márshal a que otorgara una escritura de enajenación en debida forma, entonces el artículo última- mente aludido hubiera sido algo más aplicable.

La ley no obliga a un comprador a aceptar una escri- tura que no reúne todos los requisitos razonables. Nada hay que impida examinar un borrador original de la pro-

puesta escritura por parte de tal comprador o por el agente, abogado o notario que el comprador designare. El comprador no puede exigir que se otorgue una escritura con garantía del título, y la ley ha dispuesto que será el deber del márshal otorgar un documento que transfiera al comprador cualquier derecho, título o interés que .tenga derecho a recibir. Los que redactaron la ley han debido creer que esto era bastante.

De lo contrario, al mismo tiempo que señaló los deberes del márshal y dispuso el pago por el comprador de cualquier gasto envuelto en la transacción, la Legislatura hubiese conferido al comprador, bien por vía de compensación o para proteger más plenamente sus derechos, el privilegio de elegir el notario. En vez de hacerlo así, el legislador eligió definir en forma general el deber del márshal y dejar a su discreción, dentro de límites razonables, la manera en que ese deber debía cumplirse.

El curso seguido parece correr parejas con una política general más o menos definida claramente en asuntos de esta naturaleza. *Meléndez* v. *Registrador,* 35 D.P.R. 878.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.