EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Reynaldo Hernández Lozano, et als.<br><br>    Peticionarios<br><br>            v.<br><br>Shering Plough Products, Inc.;<br>Manatí Operations, etc.<br><br>    Recurridos | Certiorari<br><br>2003 TSPR 66<br><br>159 DPR \_\_\_\_ |

Número del Caso: AC-2001-53

Fecha: 25 de abril de 2003

Tribunal de Circuito de Apelaciones:
                Circuito Regional III

Juez Ponente:
                Hon. Carmen Ana Pesante Martínez

Abogados de la Parte Peticionaria:
                Lcdo. Víctor M. Bermúdez Pérez
                Lcda. Ana R. Mellado González

Abogados de la Parte Recurrida:
                Lcdo. Luis F. Antonetti Zequeira
                Lcdo. Ángel L. Berberena

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Reynaldo Hernández Lozano
Et Als.

    Peticionarios


     vs.

                  AC-2001-53

Shering Plough Products, Inc.;
Manatí Operations, Etc.

    Recurridos


Opinión del Tribunal emitida por el Juez Asociado señor
FUSTER BERLINGERI


San Juan, Puerto Rico, a 25 de abril de 2003.


    Tenemos la ocasión para determinar cuándo entró en vigor la disposición estatutaria que limita a tres años el período para reclamar salarios adeudados.

I

    Los peticionarios en el caso de autos instaron una demanda sobre reclamación de salarios, horas extras, vacaciones, período de tomar alimentos y otros beneficios contra su patrono Shering Plough Products, Inc., Manatí Operations.[1]

---

[1] La parte peticionaria estuvo constituida por Reynaldo Hernández Lozano, Domingo Escobar Negrón, Migdalia Hernández Ortiz, María E. Padilla Figueroa, Eliécer Román Valentín, Juan Otero Class, María Bruno Figueroa, Lorenzo Román Morales y Aida Rojas Morales, quienes han sido o son empleados de la parte recurrida.

La demanda original fue presentada el 28 de julio de 1999.

El 2 de agosto de 2000 la parte damandada presentó una moción solicitando que se dictara una sentencia sumaria parcial, en la cual alegó, en síntesis, que al momento de la presentación de la demanda referida, ya estaban en vigor las disposiciones de la Ley Núm. 180 de 27 de julio de 1998, 29 L.P.R.A. secs. 250 et seq., que dispuso que a todo caso de reclamación salarial que se presentara luego de un año de aprobada dicha ley, le aplicaría un término prescriptivo de tres años con respecto al pago de los salarios adeudados. Como la demanda aquí se presentó el 28 de julio de 1999, la parte demandada adujo que le aplicaba la ley referida y por tanto toda reclamación salarial correspondiente a períodos anteriores al 28 de julio de 1996, debía de ser desestimada.

Los peticionarios se opusieron a la solicitud referida, y en lo esencial, alegaron que según lo dispuesto por la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la ley en cuestión no cobijaba el caso de autos. Adujeron los peticionarios que los términos prescriptivos de la ley aludida entraban en vigor luego del 28 de julio de 1999, porque el día anterior (27 de julio de 1999) había sido un día feriado.[2]

El 12 de marzo de 2001 el Tribunal de Primera Instancia, Sala Superior de Arecibo, dictó una sentencia, mediante la

---

[2] El 24 de julio de 1999 fue sábado y el 26 y 27 fueron días feriados (día de la Constitución y de José Celso Barbosa, respectivamente).

cual desestimó "con perjuicio toda reclamación contenida en la demanda de epígrafe para cualquier período de tiempo anterior al 28 de julio de 1996".

Inconformes con dicha sentencia, los peticionarios presentaron un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones, el cual denegó la expedición del auto solicitado. Acudieron entonces ante nos. Plantearon los peticionarios, en lo que aquí nos concierne, que el Tribunal de Circuito de Apelaciones había errado al confirmar la sentencia del foro de instancia mediante la cual se había desestimado con perjuicio todas las reclamaciones salariales anteriores al 28 de julio de 1996.

El 30 de noviembre de 2001 acogimos el recurso referido como uno de *certiorari*, y lo expedimos, a fin de revisar la aludida resolución del foro apelativo del 22 de agosto de 2001. Luego de una prórroga, la parte peticionaria presentó su alegato el 1 de julio de 2002, y la parte recurrida presentó el suyo el 30 de julio de 2002. Pasamos a resolver.

II

El Artículo 12 de la Ley Núm. 180 de 27 de julio de 1998, conocida como "Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico", dispone lo siguiente, en lo pertinente:

"**Término prescriptivo**"

(a) ...

(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los

salarios a que tuviese derecho el empleado, por cualquier precepto, durante los últimos tres (3) años anteriores a la fecha en que se estableciese la acción judicial.

(c) En el caso de que el empleado hubiese cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos tres (3) años anteriores a la fecha de su cesantía.

(d) . . .

(e) Lo dispuesto en este Artículo en nada afectará los casos ya radicados en los tribunales, **o que se radiquen dentro de un (1) año después de entrar en vigor esta Ley**". (Énfasis suplido).

El estatuto transcrito enmendó la sección 32 de la Ley Núm. 96 de 26 de junio de 1956, y redujo significativamente el número de años por los cuales los empleados podrán reclamar salarios adeudados, de diez a tres años.

La referida Ley Núm. 180 fue aprobada el 27 de julio de 1998 y comenzó a regir inmediatamente después de su aprobación, según establece el Artículo 18 de dicha ley. Sin embargo, de acuerdo al inciso (e) de su Artículo 12, la enmienda referida que estableció el estatuto no afectaría los casos ya presentados en los tribunales o los que se presentaran dentro de un año después de entrar en vigor la ley. El año después de entrar en vigor la ley se hubiese cumplido el martes 27 de julio de 1999, pero ese era día de fiesta oficial en Puerto Rico, por ser el natalicio del Dr. José Celso Barbosa.[3]

**La demanda en el caso de autos fue presentada el 28 de julio de 1999.**

---

[3] 1 L.P.R.A. sec. 80.

La controversia ante nos es, por lo tanto, si para todos los efectos legales, el término del año en cuestión se debe de computar excluyendo el último día por ser día de fiesta, de conformidad con lo que establece la Regla 68.1 de Procedimiento Civil.

Dicha Regla establece:

"En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado..." [4]

El Tribunal de Circuito de Apelaciones resolvió que el inciso (e) del Artículo 12 de la Ley Núm. 180, *supra*, no establecía un período prescriptivo y sí la fecha de vigencia de una ley. Y señaló al respecto:

"La Ley Núm. 180, *supra*, entro en vigor el 27 de julio de 1998. Transcurrido un año, el artículo 12 de la citada ley entró en vigor el 27 de julio de 1999. Desde entonces, las reclamaciones de los empleados contra su patrono tienen que limitarse a los últimos tres (3) años, ello independientemente de que el 27 de julio de 1999 coincidiera con un día festivo. Es el legislador quien decide la fecha de vigencia de una ley. Si el legislador no se percató de que la vigencia propuesta para dicho artículo iba a coincidir con un día festivo, nada pueden hacer los tribunales al respecto".

---

[4] El Art. 388 del Código Político, 1 L.P.R.A. sec. 72, establece: "El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido".

Consideramos que el razonamiento del Tribunal de Circuito de Apelaciones no es correcto. Nótese, en primer lugar, que el inciso (e) del Artículo 12 no establece la fecha de vigencia de la Ley Núm. 180, *supra*, como erróneamente afirmó el Tribunal de Circuito de Apelaciones. La ley realmente entró en vigor **inmediatamente después de su aprobación**, tal como establece expresamente su Artículo 18.

Lo que estableció el referido inciso (e) del Art. 12 de la ley que aquí nos concierne es que los términos de prescripción que allí se fijaban no afectarían a los casos ya "radicados" en los tribunales, ni a los que se presentasen dentro de un año después de entrar en vigor dicha ley. Claramente se trata de una disposición que tiene implicaciones procesales relativas a cuáles acciones podían presentarse y cuáles no, por lo que no se trata simplemente de una disposición sobre la fecha en la cual comenzará a regir una ley o parte de ella. Como la disposición referida tiene tales consecuencias procesales relativas a la presentación de las acciones previstas, es evidente que debe aplicarse aquí lo dispuesto en la Regla 68.1 de Procedimiento Civil, *supra*.

En segundo lugar, el lenguaje de la Regla 68.1 de Procedimiento Civil es amplio y abarcador. Se refiere **a cualquier término prescrito o concedido** por las Reglas de Procedimiento Civil, por orden del tribunal o **por cualquier estatuto aplicable**. A la luz de unos términos tan literalmente abarcadores, no encontramos razón alguna por la

cual debe de excluirse de lo dispuesto por dicha Regla el término de un año concedido por el inciso (e) del Art. 12 de la Ley Núm. 180, *supra*.

Es menester tener en cuenta también que el 27 de julio de 1999 los peticionarios no podían presentar su acción, ya que siendo un día feriado los tribunales no estaban abiertos. Aplica aquí lo que resolvimos en <u>Márquez et al. v. Jta. Insular de Elecciones</u>, 41 D.P.R. 1 (1930), al interpretar el Art. 388 del Código Político, *supra*, que dispone lo mismo que la Regla 68.1 en lo que aquí nos concierne:

> "Es evidente la intención del legislador con respecto a la consideración de los días feriados; en ellos no se pueden realizar válida y eficazmente otros actos que los que de una manera expresa hayan sido señalados por la ley; los demás deben transferirse o posponerse, y el mismo artículo 388 que señalamos, les da eficacia cuando se llevan a cabo en el día siguiente, lo mismo que si lo hubieran sido en el día señalado".

Así mismo debe tenerse en cuenta que cuando se trata de disposiciones relativas a la prescripción de las acciones, éstas no deben aplicarse a ningún caso a menos que ello proceda claramente. El alcance de una disposición sobre prescripción nunca debe ampliarse mediante interpretación. <u>Dávila v. Torres</u>, 58 D.P.R. 881, 886 (1941).

Finalmente, debe mencionarse que otro panel del mismo Tribunal de Circuito de Apelaciones resolvió un caso igual al de autos de modo contrario a como lo hizo el panel que intervino en el que aquí nos concierne, adjudicando aquél caso como estimamos que debe hacerse. Señaló el foro

apelativo en <u>Rodríguez Rodríguez v. Eugenio Serafín, Inc.</u>, KLCE0001470, en resolución emitida el 20 de febrero de 2001, por el Circuito Regional II, Bayamón, Panel I:

> "Es imperioso que dejemos establecido que los planteamientos del peticionario, Eugenio Serafín, Inc. son frívolos e inmeritorios. Como dijimos anteriormente, la Ley 180, *supra*, fue aprobada el 27 de julio de 1998 y la misma, en su Art. 12, contiene una cláusula que cobija aquellas reclamaciones que se presenten dentro de un año después de entrar en vigor la ley. En el caso que nos ocupa, la querella fue presentada el 28 de julio de 1999. Sin embargo, basta con hojear un calendario para percatarnos que los días 24 al 27 de julio fueron feriados, lo cual puede ser constatado fácilmente. Por ello, el término del año prescriptivo para presentar la querella venció el 28 de julio de 1999".

Por los fundamentos expuestos, resolvemos que los peticionarios presentaron su acción a tiempo. Erró el foro apelativo en el caso de autos al resolver de otro modo.

Se dictará una sentencia para dejar sin efecto la resolución del foro apelativo examinada aquí y para revocar también el dictamen del foro de instancia en el caso de autos. Se devolverá el caso a este foro para que continúen los procedimientos allí conforme a lo aquí resuelto.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Reynaldo Hernández Lozano
Et Als.

    Peticionarios


      vs.                                   AC-2001-53


Shering Plough Products, Inc.;
Manatí Operations, Etc.

    Recurridos



SENTENCIA



San Juan, Puerto Rico, a 25 de abril de 2003.


    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se deja sin efecto la resolución del Tribunal de Circuito de Apelaciones, Circuito Regional III, Arecibo-Utuado, examinada aquí y se revoca también el dictamen del Tribunal de Primera Instancia, Sala Superior de Arecibo, en el caso de autos. Se devolverá el caso a este foro para que continúen los procedimientos allí conforme a lo aquí resuelto.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Patricia Otón Olivieri
                        Secretaria del Tribunal Supremo