EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Elba Vega Ríos y otros<br><br>    Apelantes<br><br>              v.<br><br>Caribe General Electric Products,<br>Inc. y otros<br><br>    Apelados | Certiorari<br><br>2003 TSPR 174<br><br>160 DPR _____ |

Número del Caso: AC-2001-64


Fecha: 25 de noviembre de 2003


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VI


Juez Ponente:
                    Hon. Andrés E. Salas Soler

Abogado de la Parte Apelantes:
                    Lcdo. Luis R. Mellado González


Abogados de la Parte Apelados:
                         Lcda. Rosa del Carmen Benítez Álvarez
                         Lcda. Joanna Bocanegra Ocasio
                         Lcdo. Vicente J. Antonetti
                         Lcdo. Javier G. Vázquez Segarra



Materia: Reclamación de Salarios, Horas Extras, Vacaciones,
        Término Prescriptivo para Reclamación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Elba Vega Ríos y otros

    Apelantes

       v.

                          AC-2001-64

Caribe General Electric
Products, Inc. y otros

    Apelados

PER CURIAM

San Juan, Puerto Rico a 25 de noviembre de 2003

La Sra. Elba Vega Ríos recurre ante nos de una Resolución emitida por el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) en la cual determinó que a tenor del Art. 12 de la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad, Ley Núm. 180 de 27 de julio de 1998, 250j, según enmendada, 29 L.P.R.A. sec. 250j, la acción de reclamación de salarios instada por ésta contra Caribe General Electric, Inc. (en adelante Caribe) estaba limitada a tres (3) años. De otra parte, debemos determinar si la omisión de notificar

un escrito de *certiorari* sin el sello indicativo de la fecha y hora de presentación privó de jurisdicción al Tribunal de Circuito para entender en el recurso.

I

El 28 de julio de 1999 la señora Vega Ríos, ex empleada de Caribe, presentó una demanda contra la empresa reclamando salarios, horas extras, vacaciones y otros beneficios.[1] Ésta fue cesanteada el 25 de junio de 1999. La parte demandante adujo que el patrono debía pagarle las sumas adeudadas por los últimos diez (10) años. En su contestación a la demanda Caribe negó las alegaciones en su contra. El 27 de enero de 2000 Caribe presentó una moción de sentencia sumaria parcial alegando que para la fecha de la radicación de la demanda estaban en vigor las disposiciones de la Ley Núm. 180, *supra*, que limitan el pago de salarios adeudados a los tres (3) años anteriores a la cesantía y que, por tanto, la reclamación estaba limitada a los tres (3) años anteriores al 25 de junio de 1999, fecha del despido. La señora Vega Ríos se opuso alegando que podía reclamar la cantidad adeudada por diez (10) años de acuerdo con el Art. 12(e) de la Ley Núm. 180, *supra*, ya que la limitación de tres (3) años

---

[1] Además, figuraron como codemandantes los Sres. Francisco Adorno Santana, Eduardo Berford Benítez, Jesús Delemiere Ayala, Eddie Ortiz, Elías Roldán Sanes y la Sra. Carmen Rodríguez Maldonado, quienes también fueron cesanteados el 25 de junio de 1999.

dispuesta en la ley entró en vigor el 28 de julio de 1999 por ser el día anterior uno feriado.

El tribunal de instancia emitió una Resolución denegando la sentencia sumaria parcial el 7 de agosto de 2000, que fue notificada el 14 de agosto de 2000. Determinó que las disposiciones del Art. 12(e) de la Ley Núm. 180, *supra*, entraron en vigor el día posterior al feriado, es decir, el 28 de julio de 1999. Caribe recurrió del anterior dictamen al Tribunal de Circuito mediante petición de *certiorari* presentada el 13 de septiembre de 2000. El foro apelativo emitió una Resolución el 29 de septiembre de 2000, notificada el 5 de octubre de 2000, revocando lo resuelto por el foro de instancia al determinar que por tratarse de la fecha de vigencia de una ley, no era de aplicación la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que dispone que cuando el último día para el cómputo de un término sea sábado, domingo o día feriado, el plazo se extenderá hasta el próximo día. Estimó que la reclamación de los demandantes estaba limitada a los tres (3) años anteriores a la cesantía.

El 2 de octubre de 2000, sin haberse notificado la Resolución emitida por el tribunal apelativo, los demandantes presentaron una moción de desestimación. Alegaron que la copia de la petición de *certiorari* que les fue notificada por Caribe no estaba sellada con la hora y fecha de presentación, en contravención a lo

dispuesto en la Regla 33(B) del Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXII-A. A la luz de lo anterior, adujeron que el recurso no quedó perfeccionado, lo cual privaba de jurisdicción al foro apelativo para entender en el mismo. Dicho tribunal emitió una Resolución el 6 de octubre de 2000 en la que declaró que no tenía nada que proveer respecto a la moción de desestimación por haber dispuesto del recurso previamente. La señora Vega Ríos radicó una moción de reconsideración, que fue declarada no ha lugar.

Inconforme, ésta acudió ante nos alegando que el Tribunal de Circuito incidió:

> [A]l denegar la moción de desestimación del recurso por falta de jurisdicción y al denegar la solicitud de reconsideración presentada.

> [A]l determinar que el término de 1 año establecido en el Art. 12(e) de la Ley Núm. 180 era un término de vigencia diferida del Art. 12(c) de dicha Ley y al no reconocer que dicho término era uno de prescripción.

Acogido el recurso como uno de *certiorari*, el 25 de enero de 2002 expedimos el auto solicitado y con el beneficio de los argumentos de las partes, procedemos a resolver.

II

En su primer señalamiento de error la peticionaria, señora Vega Ríos, alega que el Tribunal de Circuito

carecía de jurisdicción para entender en el recurso de *certiorari* presentado por Caribe toda vez que la copia del recurso que le fue notificada no estaba sellada con la fecha y hora de presentación. La Regla 33(B) del Reglamento del Tribunal de Circuito, *supra*, en lo pertinente, dispone que "[l]a parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes... dentro del término jurisdiccional o de cumplimiento estricto establecido por ley, según fuere el caso, para presentar el recurso". (Énfasis en el original.)

El propósito de la citada disposición es que la parte recurrida pueda conocer la fecha de presentación del recurso de manera que pueda constatar si ésta se llevó a cabo dentro del término correspondiente y si el foro apelativo tiene jurisdicción sobre el recurso. *Pueblo v. Colón Mendoza*, 149 D.P.R. 630, 640 (1999). El deber a los efectos que la copia de la solicitud de *certiorari* que se notifique a la parte recurrida esté sellada con la fecha y hora de presentación no es de carácter jurisdiccional, sino un requisito de forma. Véase *Pueblo v. Colón Mendoza*, *supra,* págs. 640-641. El incumplimiento con esta obligación, aunque no constituye una práctica deseable, no conlleva la drástica medida de desestimar el recurso ni priva al foro apelativo de jurisdicción para entender en éste. Hiram A. Sánchez

Martínez, *Práctica jurídica de Puerto Rico, Derecho procesal apelativo*, Lexis/Nexis, Hato Rey, 2001, sec. 705, págs. 192-193. La peticionaria, de otra parte, debe cumplir con el requisito jurisdiccional de notificar su petición de *certiorari* con copia a las partes. *Rivera Santiago v. Municipio de Guaynabo*, *supra*.

No existe razón para desestimar un recurso únicamente por la ausencia del sello indicativo de la hora y fecha de la presentación, en ausencia de una controversia respecto a la notificación oportuna de éste a la parte recurrida. Una vez más reiteramos que aunque las disposiciones reglamentarias sobre los recursos a presentarse en los tribunales deben observarse rigurosamente, ello no conlleva una adhesión inflexible a éstas ya que, **en lo posible, las controversias judiciales deben resolverse en los méritos**. *Sánchez Torres v. Hosp. Dr. Pila*, res. el 7 de marzo de 2003, 158 D.P.R. _____ (2003), 2003 T.S.P.R. 25, 2003 J.T.S. 30; *Rodríguez Santiago v. Martínez*, res. el 18 de agosto de 2000, 151 D.P.R. _____ (2000), 2000 T.S.P.R. 126, 2000 J.T.S. 138.

Cónsono con lo anterior, el mecanismo procesal de la desestimación por incumplimiento con las disposiciones reglamentarias debe utilizarse como último recurso, cuando el "incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". *Román Vázquez v. Román Hernández*, res. el 24 de septiembre de 2002, 158 D.P.R. _____

(2002), 2002 T.S.P.R. 127, 2002 J.T.S. 132; *Sociedad Legal de Gananciales v. Municipio de Guaynabo*, res. el 3 de mayo de 2001, 154 D.P.R. _____ (2001), 2001 T.S.P.R. 64, 2001 J.T.S. 67.

En el caso ante nos, la señora Vega Ríos no ha controvertido que Caribe notificó la copia de la petición de *certiorari* dentro del término de cumplimiento estricto dispuesto para ello, es decir, dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la resolución recurrida. Regla 32(D) del Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXII-A. Lo único que aduce es que la copia no tenía el sello con la fecha y hora de presentación. Aunque nos encontramos ante una notificación defectuosa por no haberse cumplido estrictamente con lo dispuesto en la Regla 13(B), *supra*, la parte aquí peticionaria, es decir, la señora Vega Ríos, sí tuvo la oportunidad de constatar fácilmente la fecha de presentación ya que Caribe indicó en el escrito que el mismo día, 13 de septiembre de 2000, se notificó la copia del recurso mediante correo certificado con acuse de recibo. La señora Vega Ríos no ha alegado que la falta del sello la perjudicara en alguna forma para comparecer ante el Tribunal de Circuito. Por el contrario, ésta presentó oportunamente su alegato ante el tribunal apelativo y posteriormente fue que advirtió el defecto en la notificación, por lo cual solicitó la desestimación del recurso.

A la luz de lo anterior, resolvemos que Caribe subsanó el defecto de la ausencia del sello de presentación con la certificación en su escrito que el mismo día envió copia a la señora Vega Ríos por correo certificado con acuse de recibo y, en consecuencia, el foro apelativo tenía jurisdicción para entender en el recurso de *certiorari*.

III

Nos corresponde determinar si la reclamación instada por la señora Vega Ríos contra Caribe está limitada a los tres (3) años anteriores a la cesantía, en virtud de la Ley Núm. 180, *supra*.

En Puerto Rico el trabajo se encuentra ampliamente reglamentado por un esquema legislativo que persigue salvaguardar los derechos de los trabajadores que han sido garantizados en el Art. II, Sec. 16 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo I, entre los que se encuentra el derecho a un salario mínimo razonable y a recibir igual paga por igual trabajo. De esta reglamentación se puede colegir un interés apremiante del Estado de erradicar las prácticas injustas en el empleo. *Afanador Irizarry v. Roger Electric Co., Inc.*, res. el 26 de abril de 2002, 156 D.P.R. _____ (2002), 2002 T.S.P.R. 56, 2002 J.T.S. 62.

A tenor de lo anterior, el 27 de julio de 1998 fue aprobada la Ley Núm. 180, *supra*, en sustitución de la anterior Ley Núm. 96 de 26 de junio de 1956. La nueva medida **comenzó a regir "inmediatamente después de su aprobación"**. Art. 18. (Énfasis suplido.) Ésta persigue el objetivo de establecer un mecanismo más ágil para elevar el salario de los trabajadores de manera que la legislación responda a las condiciones actuales de éstos y a la realidad económica de Puerto Rico. Exposición de Motivos, P. del S. 955 de 12 de febrero de 1998. Aunque la Ley Núm. 180, *supra*, coexiste en nuestro ordenamiento con la Ley Federal de Normas Razonables de Trabajo, que aplica a un gran número de empleados, "no deja de tener importancia la ley estatal, por el hecho básico de **disponer de beneficios adicionales para los trabajadores"**. Alberto Acevedo Colom, *Legislación protectora del trabajo comentada*, 7ma ed. rev., 2001, pág. 37. (Énfasis suplido.)

La controversia ante nos está relacionada con uno de los cambios más significativos introducidos por la Ley Núm. 180, *supra*. Su antecesora disponía que se podían reclamar los salarios adeudados correspondientes a los últimos diez (10) años anteriores a la fecha en que se instaba la reclamación. La nueva legislación, sin embargo, limitó la reclamación a aquellas sumas adeudadas dentro de los tres (3) años anteriores al momento en que se ejercita la causa de acción. Aunque estas

disposiciones entraron en vigor inmediatamente después de la aprobación de la ley, el Art. 12 dispuso, en lo pertinente:

**Término prescriptivo**

(a)   ...

(b)   Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviese derecho el empleado, por cualquier concepto, durante los últimos tres (3) años anteriores a la fecha en que se estableciese la acción judicial.

(c)   En el caso de que el empleado hubiese cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos tres (3) años anteriores a la fecha de su cesantía.

(d)   ...

(e)   **Lo dispuesto en esta sección en nada afectará los casos <u>ya radicados</u> en los tribunales, <u>o que se radiquen dentro de un año después de entrar en vigor este capítulo</u>**. (Énfasis suplido.)

Hace apenas seis (6) meses, en *Hernández v. Shering Plough Products, Inc.*, res. el 25 de abril de 2003, 159 D.P.R. _____ (2003), 2003 T.S.P.R. 66, 2003 J.T.S. 71, este Tribunal atendió la controversia que presenta el recurso de marras, es decir, la fecha en la cual entró en vigor la disposición que limita a tres (3) años las reclamaciones de salarios. Señalamos entonces que aunque la ley tuvo una vigencia inmediata, de acuerdo con el Art. 12(e), el término prescriptivo que allí se establece

no será de aplicación a los casos ya radicados en los tribunales ni a los que se presentasen luego de un (1) año de haber sido aprobada la ley. Por tanto, se trata de una disposición "que tiene **implicaciones procesales** relativas a cuáles acciones podían presentarse y a cuáles no, por lo que no se trata simplemente de una disposición sobre la fecha en la cual comenzará a regir una ley o parte de ella". (Énfasis suplido.)

El año después de entrar en vigor la Ley Núm. 180, *supra*, se cumplió el 27 de julio de 1999, día feriado por conmemorarse el natalicio del Dr. José Celso Barbosa. La consecuencia lógica de lo anterior es que las reclamaciones salariales no pudieron presentarse en los tribunales el día establecido en la ley porque, como regla general, las secretarías de las salas judiciales están cerradas. Véase *Márquez v. Junta Insular de Elecciones*, 41 D.P.R. 1, 10, 14 (1929). Ante las consecuencias procesales del Art. 12(e), estimamos que procede la aplicación de la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que dispone:

> En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. Cuando el plazo prescrito o concedido sea menor de siete (7)

días, los sábados, domingos o días de fiesta
legal intermedios se excluirán del cómputo.
Medio día feriado se considerará como feriado
en su totalidad.

En *Hernández v. Shering Plough Products, Inc.*, *supra*, señalamos que el lenguaje de la citada regla es "amplio y abarcador. Se refiere a cualquier término prescrito o concedido por las Reglas de Procedimiento Civil, por orden del Tribunal o por cualquier estatuto aplicable" y, por ende, no existe razón para excluir del ámbito de aplicación de dicha regla el Art. 12(e) de la Ley Núm. 180, *supra*. A la luz de lo anterior, en *Hernández Lozano, supra*, decidimos que procede extender el año dispuesto en el Art. 12(e) hasta el próximo día laborable después de su vencimiento, es decir, hasta el 28 de julio de 1999.[2]

---

[2] Es menester indicar que la doctrina española reconoce que en ocasiones el legislador concede un plazo, llamado de vacación de la ley o *vacatio legis*, entre el momento de la publicación y el del comienzo de vigencia de la disposición. Como bien explica Castán, dentro de este esquema pueden ocurrir dos (2) modalidades: un sistema simultáneo o sistema sucesivo. En el primero, la ley entrará en vigor de manera uniforme en todo el territorio del Estado. En el segundo, se establecen diversos plazos de acuerdo con la distancia de cada comarca o región respecto al lugar donde se publica la ley. Debido a la distancia entre las ciudades y los limitados medios de comunicación que se tenían en épocas remotas, el *vacatio legis* permitía que las personas conocieran la ley y se prepararan para su aplicación antes de que ésta fuera vigente en su territorio. Manuel Albaladejo, *Derecho civil*, T. I, V. 1, 9na ed., Bosch, 1983, págs. 192-193; José Castán Tobeñas, *Derecho civil español, común y foral*, Tomo I, Vol. 1, 12ma ed., Reus, 1982, pág. 442.

Como puede observarse, la situación con el Art. 12(e) de la Ley Núm. 180, *supra*, es totalmente contraria

De la exposición anterior se puede colegir que la señora Vega Ríos presentó su reclamación dentro del término establecido en la Ley Núm. 180, *supra*, y por tanto, puede incluir en ésta los salarios adeudados por los últimos diez (10) años ya que no es de aplicación el término de tres (3) años dispuesto en la nueva legislación. Resolvemos que erró el Tribunal de Circuito al determinar lo contrario.

Hoy, al tener ante nos unos argumentos similares a los que atendimos en *Hernández Lozano*, *supra*, debemos reiterar la doctrina del precedente judicial a los efectos que cuando una controversia ha sido resuelta deliberadamente, "no debe ser variada, a menos que sea tan manifiestamente errónea que no pueda sostenerse sin violentar la razón y la justicia". *Banco de Ponce v. Iriarte*, 60 D.P.R. 72, 79 (1942). De esta forma, además, damos estabilidad y certidumbre al ordenamiento jurídico, específicamente, en lo concerniente a reclamaciones salariales.

Por los fundamentos antes expuestos, revocamos la sentencia emitida por el Tribunal de Circuito y

a la que se da en aquellas disposiciones donde el legislador establece un *vacatio legis*, pues **la ley entró en vigor inmediatamente luego de haber sido aprobada**, de acuerdo con el Art. 18. Ahora bien, el Art. 12(e) excluyó del nuevo límite de tres (3) años aplicable a las reclamaciones salariales a los casos ya radicados o que estuvieran próximos a presentarse dentro del año posterior a la aprobación de la nueva ley. De otra parte, **debido a las importantes consecuencias procesales recién indicadas del Art. 12(e) rehusamos aplicar la figura del *vacatio legis* en el presente recurso.**

devolvemos el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Elba Vega Ríos y otros

    Apelantes

      v.

                                      AC-2001-64

Caribe General Electric
Products, Inc. y otros

    Apelados


SENTENCIA


San Juan, Puerto Rico a 25 de noviembre de 2003


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones y se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Interino señor Rebollo López emitió una Opinión Concurrente y Disidente.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Elba Vega Ríos y otros

    Demandantes-Apelantes

       vs.                AC-2001-64    APELACIÓN

Caribe General Electric
Products, Inc. y otros

    Demandada-Apelada

OPINIÓN CONCURRENTE Y DISIDENTE EMITIDA POR EL JUEZ PRESIDENTE INTERINO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 25 de noviembre de 2003

El temor de que se nos tache de inconsistentes <u>no</u> debe ser óbice para reflexionar y corregir cualquier equivocación cometida al decidir un caso previo.

No hay duda que ese proceder resulta un tanto antipático para un tribunal y sus integrantes; la razón es obvia: significa el reconocer que hemos errado. Ello no obstante, dicho proceder es el correcto y el único a seguir si es que pretendemos tener nuestras consciencias tranquilas.

Ese fue el curso de acción que seguimos hace más de dos décadas al resolver el caso de <u>Reyes Coreano</u> v. <u>Director Ejecutivo</u>, 110 D.P.R. 40 (1980). En aquella ocasión, al dejar sin efecto una decisión anterior que habíamos emitido en el

mismo caso, de manera ejemplarizante expresamos que "[p]ersistir en el error para realzar la consistencia de lo decidido constituiría una abdicación del deber que tenemos, como tribunal apelativo ... de pautar el derecho"[3], y, añadimos nosotros en el día de hoy, del deber que tenemos de hacer justicia.

En virtud de lo anterior es que, a pesar de concurrir con lo resuelto por la Mayoría de este Tribunal en el Acápite II del presente caso, nos vemos forzados a disentir en relación con lo resuelto en el Acápite III. Ello en vista de que lo allí resuelto, a los efectos de que la Regla 68.1 de Procedimiento Civil[4] es aplicable a las disposiciones del Artículo 12(e) de la Ley de Salario Mínimo,[5] se apoya en la norma pautada en la escueta Opinión que emitiéramos en Hernández Lozano v. Shering Plough Products, Inc., res. el 25 de abril de 2003, 2003 TSPR 66, la cual, luego de reflexionar detenidamente sobre ella, entendemos es una a todas luces errónea en Derecho.

En dicho caso equivocadamente se equiparó el término establecido en el Artículo 12(e) de la Ley Núm. 180, ante, --el cual, como veremos, claramente establece

---

[3] Reyes Coreano v. Director Ejecutivo, 110 D.P.R. 40 (1980), a la pág. 42.

[4] Véase, 34 L.P.R.A. Ap. III, R.68.1.

[5] Véase, Ley Núm. 180 de 27 de julio de 1998, según enmendada, 29 L.P.R.A. sec. 250(j).

un <u>término de vigencia diferida</u> de una ley-- con un <u>término prescriptivo o procesal</u> a los cuales sí les aplica las disposiciones de la Regla 68.1 de Procedimiento Civil. Así, de modo automático y con escasos fundamentos jurídicos en apoyo de ello, se aplicó al referido término lo dispuesto en la Regla 68.1, ante, lo cual tuvo el efecto de que este Tribunal extendiera el término de vigencia de la antes citada Ley.

Al perpetuar dicha norma en el presente caso, la Mayoría de este Tribunal, está reiterando y promoviendo la indebida intervención de la Rama Judicial con las funciones de la Rama Legislativa; ello al <u>extender</u>, por *fiat* judicial, el término de vigencia de una ley claramente establecido por la Asamblea Legislativa. Además, al así actuar, el Tribunal justifica y condona la inobservancia, por parte de los demandantes, de los términos claros que establecen las leyes laborales para instar reclamaciones al amparo de sus disposiciones.

I

El <u>25 de junio de 1999</u> la señora Elba Vega Ríos y los otros co-demandantes, fueron cesanteados de su trabajo. Así las cosas, el <u>28 de julio de 1999</u> presentaron una demanda ante el Tribunal de Primera Instancia, Sala Superior de Humacao, contra su patrono Caribe General Electric Products, reclamando salarios,

horas extras, vacaciones y otros beneficios laborales. En la misma alegaron que el período que debía considerarse para computar los salarios adeudados era el de los últimos diez (10) años, contados a partir de la presentación de dicha demanda.

Después de contestar la demanda, Caribe presentó una moción solicitando que se dictara sentencia sumaria parcial desestimando aquellas reclamaciones que se referían a los salarios correspondientes a períodos anteriores al 25 de junio de 1996. Adujo que de las alegaciones de la demanda surgía que a la fecha de la radicación de la misma, 28 de julio de 1999, ya estaban en vigor las disposiciones del Artículo 12 de la Ley Núm. 180 de 27 de julio de 1998, según enmendada, 29 L.P.R.A. sec. 250(j) y que, por lo tanto, el remedio solicitado debía limitarse a los salarios debidos y no pagados durante los últimos tres (3) años anteriores a la fecha en que los empleados fueron cesanteados.[6]

---

[6] Para la fecha en que el presente pleito fue instado el referido Artículo 12 de la Ley Núm. 180, ante, disponía lo siguiente:

(a) Por el transcurso de dos (2) años prescribirá la acción en reclamación de salarios que pueda tener un empleado contra su patrono al amparo de este capítulo o cualquier decreto mandatorio, ya aprobado o que se apruebe, de acuerdo con las disposiciones de este capítulo o al amparo de cualquier contrato o ley. Para la prescripción de esta acción, el tiempo se contará desde que el empleado cesó su empleo con el patrono. El término de prescripción antes indicado se interrumpirá y comenzará a transcurrir de nuevo por la notificación de la deuda de salario al patrono, judicial o extrajudicialmente, por el obrero, su representante, o

Los demandantes se opusieron a dicha moción alegando, en síntesis, que como el 27 de julio de 1999 era día feriado, la Regla 68.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R.68.1, permitía prorrogar el término en cuestión establecido en el Artículo 12(e) de la Ley Núm. 180, ante, hasta el próximo día laborable; esto es, al 28 de julio de 1999, fecha en que se radicó la demanda. Alegaron que en vista de ello tienen derecho a reclamar los salarios de los últimos diez (10) años ya que aún estaba vigente la legislación anterior.

Tras varios trámites procesales, el tribunal de instancia denegó la moción solicitando que se dictara sentencia sumaria parcial. Al así resolver, dictaminó

---

funcionario del Departamento con facultad para ello y por cualquier acto de reconocimiento de la deuda por el patrono.

(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviese derecho el empleado, por cualquier concepto, durante los últimos tres (3) años anteriores a la fecha en que se estableciese la acción judicial.

(c) En el caso de que el empleado hubiese cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos tres (3) años anteriores a la fecha de su cesantía.

(d) En relación con el término prescriptivo provisto en esta sección, un cambio en la naturaleza de las labores del empleado no constituirá una novación del contrato de empleo.

(e) Lo dispuesto en esta sección en nada afectará los casos ya radicados en los tribunales, o que se radiquen dentro de un año después de entrar en vigor este capítulo. 29 L.P.R.A. sec. 250(j) (énfasis nuestro).

Por su parte, el Artículo 18 de dicha pieza legislativa dispone que "[e]sta Ley comenzará a regir inmediatamente después de su aprobación."

que los demandantes instaron la acción dentro del año de efectividad y vigencia del estatuto dispuesto en el Artículo 12 inciso (e) de la Ley Núm. 180, ante. En consecuencia, dispuso que a los demandantes les amparaba el período de diez (10) años para el reclamo de los salarios adeudados.

Inconforme con dicho dictamen, la demandada acudió --vía certiorari-- ante el Tribunal de Apelaciones. Mediante resolución de 29 de septiembre y archivada en autos el 5 de octubre de 2000, dicho foro judicial revocó la resolución emitida por el foro primario. Al así resolver, el tribunal apelativo intermedio señaló que el Artículo 12(e) no estableció un término prescriptivo, sino un término que pospuso la vigencia del Artículo 12 por un año. Sostuvo, además, que no era de aplicación la Regla 68.1, ante, ya que dicha regla procesal no aplicaba a la fecha de vigencia de una disposición legal. Por tanto, dictaminó que la reclamación de los demandantes debía limitarse a los salarios devengados y no pagados en los últimos tres (3) años anteriores a la cesantía.

Insatisfecha con la actuación del tribunal apelativo intermedio, los demandantes acudieron, mediante recurso de apelación ante este Tribunal. Alegaron, entre otras cosas, que procedía revocar la sentencia emitida por el tribunal apelativo debido a que dicho foro incidió:

...al determinar que el término de 1 año establecido en el Art. 12(e) la Ley Núm. 180 era un término de vigencia diferida del Art. 12(c) de dicha Ley y al no reconocer que dicho término era uno de prescripción.

Expedimos el recurso. En el día de hoy la Mayoría del Tribunal revoca la sentencia del Tribunal de Apelaciones. No estamos de acuerdo. Veamos por qué.

## II

Sabido es que el salario mínimo es un derecho consagrado en el Artículo II, Sec. 16, de la Constitución del Estado Libre Asociado de Puerto Rico para todos los trabajadores que se desempeñan en calidad de empleados. A. Acevedo Colom, Legislación Protectora del Trabajo Comentada, 7ma. ed. rev., San Juan, 2001, pág. 37. A esos efectos la referida disposición constitucional reconoce el derecho de todo trabajador a un salario mínimo razonable y a recibir igual paga por igual trabajo. *Ibid.* Del mismo modo, el salario mínimo en Puerto Rico está regulado por la Ley Federal de Normas Razonables de Trabajo[7] y por la ley, hoy en controversia, conocida como la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico, Ley Núm. 180 de 27 de julio de 1998, según enmendada, 29 L.P.R.A. sec. 250 *et seq.*

---

[7] Véase, 29 U.S.C.A. sec. 201, *et seq.*

La Ley Núm. 180, ante, es producto de una larga secuela de leyes cuyo origen se remonta a 1941 cuando se aprobó en Puerto Rico la primera Ley de Salario Mínimo. La misma se caracterizó por su lento y complicado mecanismo para elevar el salario de los trabajadores. Por tal razón, en 1956, dicha ley fue derogada y sustituida por la Ley Núm. 96 del 26 de junio, mejor conocida como la Ley de Salario Mínimo de Puerto Rico. Véase, Exposición de Motivos de la Ley Núm. 180, ante, Leyes de Puerto Rico, a la pág. 693. Esta pieza legislativa fue aprobada con el propósito de crear una ley más ágil y flexible que estuviese a tono con los cambios económicos y sociales en el área laboral de aquel momento. Véase, Exposición de Motivos de la Ley Núm. 96, ante, Leyes de Puerto Rico, a las págs. 625-27. De igual modo esta ley sufrió varias enmiendas dirigidas a atemperarla a los nuevos desarrollos que transformaban la economía industrial en una tecnológica, comercial y de servicios. Véase, Exposición de Motivos de la Ley Núm. 180, ante, Leyes de Puerto Rico, a la pág. 693.

Así, luego de 42 años, la anterior legislación quedó derogada por la nueva Ley de Salario Mínimo, Ley Núm. 180 de 27 de julio de 1998 en la que se estableció un mecanismo más ágil, cónsono con el desarrollo en el campo laboral, tanto a nivel estatal como federal. *Ibid*. La misma tuvo la intención de atemperar la Ley de Salario Mínimo local con la Ley Federal de Normas

Razonables del Trabajo, ante. Véase, Exposición de Motivos, Ley Núm. 80 de 21 de mayo de 2000, Leyes de Puerto Rico, a la pág. 666. Se estableció que el salario mínimo para aquellas empresas que estaban cubiertas por la legislación federal sería el salario mínimo federal. Por otro lado, para los trabajadores de empresas que no estuvieran cubiertas por la ley federal, se les proveyó un mecanismo más ágil para proteger su derecho a un salario mínimo razonable. Además, se regularon de manera uniforme las licencias de vacaciones y enfermedad para todos los trabajadores en Puerto Rico. Véase, Exposición de Motivos de la Ley Núm. 180, ante, Leyes de Puerto Rico, a las págs. 693-94.

Fueron varios los cambios que trajo esta nueva legislación, los mismos, en reconocimiento de que "las condiciones del trabajador puertorriqueño...ha[bían] mejorado a través de los años", y tomando en cuenta, que "[l]a concesión de beneficios por encima del mandato estatutario, deb[ía] establecerse a tenor con la realidad económica y las condiciones del mercado." Véase, Exposición de Motivos de la Ley Núm. 180, ante, Leyes de Puerto Rico, a la pág. 693 (énfasis nuestro). Entre los cambios incorporados por la Ley Núm. 180, ante, se encuentran los términos establecidos en el Artículo 12 y los remedios allí provistos. Dicho

articulado <u>enmendó</u> la antigua Sección 32 de la Ley Núm. 96, ante[8].

La Ley Núm. 180, ante, la cual entró en vigor a partir del 27 de julio de 1998,[9] tuvo el efecto de <u>enmendar</u> el Inciso (a) de la antes citada Sección 32 <u>para reducir de tres a dos años el término prescriptivo para instar la reclamación de salarios.</u> Otro <u>cambio significativo</u> fue el efectuado en los <u>Incisos (b) y (c)</u>, en los que se <u>limitó</u> el remedio que los obreros tenían a su haber. <u>Se dispuso que éstos sólo podrían reclamar los salarios correspondientes a los últimos tres años, contados a partir de la fecha en que se instó la acción,</u>

_____

[8] Dicha Sección 32 <u>disponía</u>, en lo pertinente, que:

   (a) <u>Por el transcurso de tres años prescribirá la acción en reclamación de salarios que pueda tener un empleado contra su patrono</u> al amparo de esta ley,...

(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá <u>los salarios a que tuviere derecho el empleado, por cualquier concepto, durante los últimos diez años anteriores a la fecha en que estableciere la acción judicial.</u>
(c) En el caso de que el empleado hubiere cesado en su empleo con el patrono, <u>la reclamación solamente incluirá los últimos diez años anteriores a la fecha de la cesantía.</u>
(d) ...
(e) Lo dispuesto en esta Sección en nada afectará los casos ya radicados en los tribunales o que se radicaren dentro de un (1) año después de entrar en vigor esta ley (énfasis nuestro).

[9] Como bien mencionáramos anteriormente en el Artículo 18 de esta Ley se estableció que la misma entraría en vigor inmediatamente.

siempre que se trate de empleados que continúen trabajando para el patrono, o contados desde la fecha de la cesantía para aquellos que hubiesen cesado en su empleo con éste. Véase, 29 L.P.R.A. sec. 250(j). Recordaremos que, bajo el estado de derecho de la ley anterior, se permitía reclamar los salarios de los últimos diez años.

Ahora bien, en el Inciso (e) del Artículo 12 de la Ley Núm. 180, ante, similar al Inciso (e) de la ley anterior, se hizo una salvedad para que las disposiciones del referido Artículo no fueran aplicables a los casos que para la fecha de aprobación de la Ley, esto es, para el 27 de julio de 1998, ya se hubieren instado, y, en lo pertinente al caso hoy ante nuestra consideración, para aquellos que se radicaran dentro de un año después de que la Ley entrara en vigor. Es decir, todo caso que para el 27 de julio de 1998 ya se hubiere instado, así como todo aquél que se radicara en o antes del 27 de julio de 1999 quedaría excluido de la aplicación de las disposiciones del Artículo 12 de la nueva ley, rigiéndose los mismos por el ordenamiento anterior establecido por la Ley Núm. 96, ante, en su Sección 32.


III

La controversia que hoy tenemos ante nuestra consideración gira, precisamente, en torno al Inciso (e)

del Artículo 12 de la Ley Núm. 180, ante. Debemos resolver si, cuando el legislador dispuso que "[l]o dispuesto en este Artículo en nada afectará los casos ... que se radiquen dentro de un año después de entrar en vigor esta ley", éste estableció un nuevo término prescriptivo para instar la reclamación de salarios, tal y como lo plantea la parte apelante, o, si por el contrario, se refiere, según lo argüido por la parte apelada, a un término de vigencia diferida que tuvo el efecto de posponer por un año la vigencia del Artículo 12.

### A

La disposición de ley cuya interpretación está en controversia lee como sigue:

> Lo dispuesto en este Artículo en nada afectará los casos ya radicados en los tribunales, o que se radiquen dentro de un año después de entrar en vigor esta Ley. Artículo 12(e) de la Ley Núm. 180, ante; 29 L.P.R.A. sec. 250(j)(e) (énfasis suplido).

Si examinamos el texto claro y libre de ambigüedad de la referida disposición estatutaria, interpretando la misma en su más corriente y usual significado,[10] no hay duda de que, mediante la misma, la Legislatura aplazó

---

[10] Ello en virtud del Artículo 15 del Código Civil de Puerto Rico que exige que "[l]as palabras de una ley deben ser generalmente entendidas en su más corriente y usual significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces." 31 L.P.R.A. sec. 15.

por el término de un año el momento en que las disposiciones del Artículo 12 comenzarían a tener efecto. De este modo, las disposiciones del referido artículo de ley cobraron efecto el 28 de julio de 1999; esto es, luego de transcurrido un año de que la Ley Núm. 180 entrara en vigor. Entre dichas disposiciones se encuentra la que establece que el remedio disponible sólo podrá incluir la reclamación de salarios de los últimos tres años. Dicho de otra forma, durante el periodo transcurrido entre el 27 de julio de 1998 -- fecha en que comenzó a regir la Ley Núm. 180, ante-- y el 27 de julio de 1999, regiría lo establecido bajo la legislación anterior en lo que se refiere al Artículo 12. Esto es, aquellos casos instados durante ese período podrían incluir en sus reclamaciones los salarios debidos y no pagados de los pasados diez años. De esta manera se creó un período de gracia para que la transición de una ley a otra, que a su vez disminuía en gran medida el remedio disponible, no se realizara "de golpe". De este modo, el legislador "avisó" a la ciudadanía que de radicarse un pleito fuera de esa fecha, ya no le cobijaría la ley anterior, sino el estado de derecho estatuido por la nueva legislación en su Artículo 12.

No hay duda de que nos enfrentamos a una disposición transitoria o de vigencia diferida denominada como un plazo *vacatio legis*. M. Albaladejo,

Derecho Civil, 11ma. ed., Barcelona, Ed. Bosch, 1989, T.I, Vol. I, págs. 96-97.[11] Se ha dicho que "[a]unque cabe que las leyes sean obligatorias desde el momento de su publicación ... la generalidad de los Códigos señala un plazo ... --llamado vacación de la ley (*vacatio legis*)-- entre el momento de la publicación y el comienzo de la vigencia de la ley." J. Castán Tobeñas, Derecho Civil Español Común y Foral, 12ma. ed. rev., Madrid, Ed. Reus, 1982, T.I, Vol. I, pág. 442. Estos plazos tienen el efecto de <u>posponer la vigencia de una ley, o de alguna disposición de la misma</u>, para que éste no rija inmediatamente, sino que, entre en vigor en un momento posterior. Dichas disposiciones <u>tienen como propósito "permitir el mejor conocimiento y preparación para la aplicación"</u> de la misma. *Ibid*. (Énfasis nuestro).

Sabido es que "[l]as leyes deberán ser promulgadas conforme al procedimiento que se prescriba por ley y [que las mismas] contendrán sus propios términos de vigencia." Artículo VI Sec. 5 de la Constitución del Estado Libre Asociado de Puerto Rico. De este modo, las leyes comienzan a regir cuando en ellas se establezca, expresa o tácitamente, bien con referencia a una fecha de calendario, o bien con referencia a algún otro dato.

---

[11] Véase, además: J. Castán Tobeñas, Derecho Civil Español Común y Foral, 12ma. ed. rev., Madrid, Ed. Reus, 1982, T.I, Vol. I, pág. 442; L. Díez-Picazo y A. Gullón, Sistema de Derecho Civil, 7ma. ed., Madrid, Ed. Tecnos, 1989, Vol. I, pág. 123.

Albaladejo, Derecho Civil, ante, a la pág. 196. La ley
puede disponer para que su vigencia sea una inmediata o
simultánea, es decir, para que entre en vigor al momento
mismo de su aprobación;[12] o por el contrario, para que la
vigencia sea una no inmediata o aplazada. *Ibid*.

Ahora bien, cuando sobreviene un cambio de leyes, a
saber, la derogación de una ley vigente por otra
posteriormente promulgada, se plantea el problema de
cuál será el alcance temporal de la nueva ley, y, por
tanto, el de la antigua. J.L. Lacruz Berdejo, Elementos
de Derecho Civil, Barcelona, Ed. Bosch, 1982, Vol. I,
pág. 218; L. Díez-Picazo y A. Gullón, Sistema de Derecho
Civil, 7ma. ed., Madrid, Ed. Tecnos, 1989, Vol. I, pág.
127.   En aquellos casos en que una ley antigua sea
sustituida por otra nueva, el cambio de regulación y el
alcance de la ley recién dictada, respecto a la materia
antes regulada por la otra, se regirá por lo que la
nueva ley establezca, bien de forma explícita, en las
correspondientes disposiciones transitorias, o bien de
forma implícita. Albaladejo, Derecho Civil, ante, a la
pág. 202. Es ahí cuando entran en función disposiciones
como el plazo *vacatio legis*. Estas disposiciones
transitorias pueden encontrarse separadas del articulado

---

[12] A tono con lo anterior, este Tribunal ha expresado que
cuando una ley "es aprobada para tener efecto
inmediatamente, no procede la contención de que tendrá
efecto al siguiente día en vez del día de su aprobación.
La palabra 'inmediatamente' significa lo que dice, y la
Ley entra en vigor en seguida." Destilería Serrallés,
Inc. v. Buscaglia, Tes., 66 D.P.R. 649, 652-53 (1946).

de la ley o incorporadas al mismo. Lacruz Berdejo,
Elementos de Derecho Civil, ante, a la pág. 218.
Usualmente en ellas se indican los actos o acciones
cobijados por la antigua y por la nueva ley, además del
período de tiempo durante el cual perdurará dicho estado
de derecho transitorio.

De lo antes expuesto podemos colegir que si bien la
Ley Núm. 180 de 27 de julio de 1998, ante, dispuso en su
Artículo 18 que entraría en vigor inmediatamente,
estableció un plazo *vacatio legis* con relación a las
disposiciones del Artículo 12. Esto es, la Ley entró en
vigor el 27 de julio de 1998; sin embargo, las
disposiciones del Artículo 12 entraron en vigor luego
del 27 de julio de 1999 ya que, repetimos, el Inciso (e)
del referido Artículo tuvo el efecto de diferir o
posponer la vigencia del mismo. Como consecuencia, entre
el 27 de julio de 1998 y el 27 de julio de 1999 estaba
operando la legislación anterior. Todos aquellos casos
instados durante ese período todavía podían
beneficiarse de los remedios y el estado de derecho de
la ley previa.

De lo antes expuesto resulta evidente que el
referido Artículo 12(e) se refiere a un término de
vigencia diferida.[13] No hay duda de que esa fue la

---

[13] Es de notar que el Artículo 12(e) de la Ley Núm. 180,
ante, es idéntico a la Sección 32(e) que era la
disposición equivalente a dicho artículo bajo la ley
anterior Núm. 96 de 26 de junio de 1956.

intención del Legislador al incluir dicha disposición. No hace falta más que referirnos a la Sección 43 de la anterior Ley Núm. 96, de donde surge claramente que la Ley de Salarios tuvo como propósito permitir que ciertas disposiciones entraran en vigor en un momento distinto o posterior a la fecha de vigencia establecida. Dicha Sección disponía que "[e]sta ley empezará a regir inmediatamente después de su aprobación, con excepción de aquellas disposiciones que tengan fijada una fecha distinta para su vigencia, las cuales entrarán en vigor en las fechas especificadas" (énfasis nuestro).[14]

En virtud de lo antes expuesto sería ilógico pensar que lo establecido en el Inciso (e) del Artículo 12 es un nuevo término prescriptivo para instar la reclamación de salarios. Una simple lectura del Artículo 12 revela que el término prescriptivo para instar la acción de salarios ya estaba dispuesto en su Inciso (a). Allí se establecía que "[p]or el transcurso de dos años prescribiría la acción en reclamación de salarios que pueda tener un empleado contra su patrono al amparo de este capítulo...". Esto es, aceptar la postura de los apelantes nos llevaría a reconocer que el legislador

---

[14] Recordemos que tanto las leyes aprobadas con anterioridad, como las aprobadas con posterioridad a la disposición que interpreta un tribunal, deben ser tomadas en consideración para hacer valer la intención legislativa. O.E.G. v. Hon. Cordero Santiago, res. el 21 de agosto de 2001, 2001 TSPR 118.

dispuso dos términos prescriptivos para llevar a cabo la misma acción. Tal cosa no tiene sentido alguno.

Por otro lado, es menester resaltar que, a diferencia de lo que ocurriría con un término prescriptivo,[15] el Artículo 12(e) no tiene el efecto de extinguir un derecho. Su objeto es proveer un corto tiempo adicional para que, antes de la vigencia del nuevo estado de derecho que alterará el remedio provisto, los interesados puedan instar el pleito y así beneficiarse de la ley anterior cuyo remedio era más amplio. No conlleva la extinción del derecho que ostentan los demandantes para instar la acción. Ese derecho no se extinguió si se radicó el pleito en el término de dos años que ordenaba la ley para ese entonces. Lo que hace el Artículo 12(e) es advertirle a la ciudadanía que si se radica el pleito fuera del plazo *vacatio legis*, el remedio disponible será otro: el dispuesto en la nueva ley; ello, independientemente, de que la acción se hubiese instado dentro del término prescriptivo. Esto es, la acción reclamando salarios puede no haber prescrito, pero si se radicó fuera del *vacatio legis*, el remedio disponible se limitará a los salarios de los últimos tres años ya que, una vez

---

[15] La prescripción extintiva es una norma de derecho sustantivo que constituye una forma de extinción de un derecho debido a la inercia en ejercerlo durante un tiempo determinado. Santiago Rivera v. Ríos Alonso, res. el 7 de febrero de 2002, 2002 TSPR 15; Martínez Arcelay v. Peñagarícano Soler, 145 D.P.R. 93, 101 (1998); García Aponte v. E.L.A., 135 D.P.R. 137, 142 (1994).

transcurrido el plazo *vacatio legis,* entraron en vigor las disposiciones del Artículo 12 de la nueva ley.

En resumen, tenemos que el término de vigencia diferida o *vacatio legis* no tiene de por sí el efecto de extinguir un derecho abandonado, sino que permite que el pueblo conozca y se prepare para la aplicación de las nuevas disposiciones. Claro está, si como en el presente caso, ocurre que al culminar el *vacatio legis* el estado de derecho cambia para eliminar o reducir algún derecho, parecerá que el transcurso del *vacatio legis* tuvo el efecto de extinguir un derecho. No obstante, son las disposiciones de ley que entran en vigor al culminar el *vacatio legis* las que tienen el efecto de reducir o extinguir el derecho.

Por otro lado, para que se produzca la prescripción extintiva se requiere no sólo del transcurso del tiempo fijado, sino, además, la falta de ejercicio o inercia por parte del titular. García Aponte v. E.L.A., 135 D.P.R. 137, 142-43 (1994).[16] No obstante lo anterior, al referirnos a un término de vigencia diferida, vemos que el mismo transcurrirá con el paso del tiempo, el estado de derecho cambiará, y todo ello ocurrirá independientemente de la acción o inacción del

---

[16] Véase, además: Díez-Picazo y A. Gullón, Sistema de Derecho Civil, ante, a la pág. 465; F. Puig Peña, Compendio de Derecho Civil Español, 3ra. ed. rev., Madrid, Ed. Pirámide, 1976, Vol. I, págs. 684-85; D. Espín Cánovas, Manual de Derecho Civil Español, 8va. ed. rev., Madrid, Ed. Revista de Derecho Privado, 1982, Vol. I, pág. 559.

interesado. Esto es, cuando la Legislatura decide mantener en suspenso la vigencia de alguna disposición estatutaria mediante un término *vacatio legis*, sólo hará falta que el tiempo fijado por el Legislador transcurra para que la nueva disposición legal entre en vigor. La actuación del interesado será irrelevante.

B

Habiendo determinado que el Artículo 12(e) <u>no</u> es un término prescriptivo, sino un término de vigencia diferida de una disposición legal, <u>nos corresponde</u> <u>resolver si el mismo es susceptible de extenderse a</u> <u>tenor con lo dispuesto en la Regla 68.1 de las de</u> <u>Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.1</u>. En esta regla se establece, en lo pertinente, que:

> [e]n la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. . . .

Cabe destacar que este Tribunal tuvo la oportunidad de enfrentarse a una <u>controversia similar a la de autos</u> hace varias décadas en <u>Torres</u> v. <u>Méndez</u>, 44 D.P.R. 7 (1932). En aquella ocasión resolvimos que las disposiciones contenidas en los Artículos 388 y 389 del

Código Político, 1 L.P.R.A. secs. 72 y 73 --las cuales

son <u>muy similares</u> a la Regla 68.1, ante--[17] <u>no eran</u>

<u>aplicables a los términos fijados por una ley para que</u>

<u>la misma comience a regir</u>. En dicho caso expresamos que:

> El accidente ocurrió el domingo 12 de agosto de 1928. La Ley de Indemnizaciones por accidentes del trabajo empezaba a regir noventa días después de su aprobación en mayo 14. Eso fue en efecto el día del accidente a menos que ese día haya de ser excluido, por ser de fiesta legal, al computar el tiempo. Los noventa días en cuestión no eran 'el tiempo en que cualquier acto prescrito por la ley' debía 'cumplirse'. La ley no señaló acto alguno a realizarse el día 12 de agosto. No podemos convenir con el apelante en que la ley empezó a regir el lunes 13 de agosto simplemente porque el domingo 12 de agosto fuera día de fiesta. <u>Torres</u> v. <u>Méndez</u>, ante, a la pág. 9.

Igualmente, en <u>Destilería Serrallés, Inc.</u> v.

<u>Buscaglia, Tes.</u>, 66 D.P.R. 649 (1946), este Tribunal

<u>reiteró</u> la norma expuesta en <u>Torres</u> v. <u>Méndez</u>, ante, al

manifestar que "el artículo 388 sólo es de aplicación

cuando hay una situación en que deba cumplirse un acto

prescrito por la Ley, <u>y no cuando como en este caso</u>

<u>simplemente está envuelto un cálculo matemático de</u>

---

**17**  El Artículo 388 del Código Político dispone que: "El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido." 1 L.P.R.A. sec. 72.

Por su parte en el Artículo 389 del referido Código se dispone que: "Cuando algún acto haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado, y tal día ocurriere en día de fiesta, dicho acto podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado." 1 L.P.R.A. sec. 73.

conformidad con los términos del artículo 34 de la Carta Orgánica." *Ibid*. a la pág. 652.[18]

Una lectura, inteligente y sosegada, de estas dos decisiones es todo lo que se necesita para llegar a la conclusión de que en los mismos resolvimos que, aun cuando el último día de un término de vigencia diferida o *vacatio legis*, como en el presente caso, coincida con un día feriado, no hay razón para extenderlo hasta el próximo día laborable. Ello porque los términos que disponen sobre la vigencia de una ley no se refieren al "tiempo en que cualquier acto prescrito por ley deba cumplirse." Dichos artículos nunca se han utilizado para extender los términos de vigencia de una ley.[19] En ese sentido, no hay nada que impida que una disposición

---

[18] En aquella ocasión este Tribunal tuvo que decidir cómo se debía calcular el término dispuesto en el Artículo 34 de la Carta Orgánica, el cual mantenía en suspenso y limitaba la vigencia de las leyes aprobadas por la Asamblea Legislativa por un período de noventa (90) días. Dicho artículo disponía que "ninguna ley de la Asamblea Legislativa entrar[ía] en vigor...hasta noventa días después de su aprobación..." *Ibid*. a la pág. 650.

[19] Por el contrario, y a modo de ejemplo, los Artículos 388 y 389 del Código Político han sido aplicados para: calcular el término que tiene el Secretario de Hacienda para notificar una confiscación, Coop. de Seguros Múltiples v. Srio.de Hacienda, 118 D.P.R. 115 (1986); computar el término para ejecutar una orden de allanamiento, Pueblo v. Negrón Rodríguez, 72 D.P.R. 882 (1951); calcular el término para radicar un recurso de apelación, Sosa López v. Tribunal, 70 D.P.R. 62 (1949); para transferir al próximo día laborable una venta en pública subasta, Meléndez Muñoz v. Registrador, 35 D.P.R. 878 (1926); para computar la fecha de vencimiento del pago de cánones de arrendamiento, Falagán & Cía. v. La Sociedad Centro Español, 32 D.P.R. 356 (1923).

legal comience a regir o culmine su vigencia en un día festivo.

En vista de la similitud existente entre los Artículos 388 y 389 del Código Político y la Regla 68.1, ante, resulta obvio que dichos precedentes son aplicables al caso de autos.[20] Además, resulta claro que la Regla 68.1, ante, no es aplicable a todo tipo de término. El mecanismo de cómputo establecido en dicha Regla sólo aplica a aquellos términos que han sido prescritos o concedidos "por las Reglas de Procedimiento Civil, o por orden del tribunal, o por cualquier estatuto procesal aplicable..." J.E. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Ed. J.T.S., 2000, T.II, pág. 1154.

El término que hoy está en controversia no es un término prescriptivo ni un término dispuesto por las Reglas de Procedimiento Civil, por el tribunal ni por ningún estatuto o regla procesal que exija que las

---

[20] Así, específicamente, lo resolvimos al denegar hace dos años un recurso de certiorari, radicado por unos obreros que interesaban revisar una sentencia emitida por el Tribunal de Apelaciones, en el caso de Torres Quintero v. Pfizer Pharmaceuticals, CC-2000-819, caso en que los hechos eran idénticos a los del caso de autos. La determinación de no revisar la sentencia emitida por el tribunal apelativo obviamente estuvo basado en la norma establecida en Torres v. Méndez, ante, y en Destilería Serrallés, Inc. v. Buscaglia, Tes., ante.

partes actúen en determinado plazo. Es por ello que <u>no</u> <u>le aplica lo dispuesto en la Regla 68.1, ante.</u>[21]

Refiriéndose el Artículo 12(e) a un término que envuelve meramente el cálculo matemático para la vigencia de una disposición legal, el mismo no está gobernado por la Regla 68.1, ante. <u>No haría sentido que,</u> <u>a través de una regla procesal, este Tribunal extienda</u> <u>el término de vigencia de una ley establecido por la</u> <u>Legislatura.</u> Coincidimos con los pronunciamientos emitidos por el tribunal apelativo intermedio a los efectos de que "[e]s el legislador quien decide la fecha de vigencia de una ley. Si el legislador no se percató de que la vigencia propuesta para dicho artículo iba a coincidir con un día festivo, nada pueden hacer los

---

[21] La Regla 68.1, ante, se ha utilizado para situaciones como las siguientes: computar el término para presentar un recurso de apelación, <u>Coss Iglesias</u> v. <u>Hosp.</u> <u>Interamericano</u>, res. el 25 de marzo de 2003, 2003 TSPR 43; <u>Medio Mundo, Inc.</u> v. <u>Rivera</u>, res. el 8 de junio de 2001, 2001 TSPR 85; <u>Building Fast Cleaning Services,</u> <u>Inc.</u> v. <u>Asoc. Condominio Borinquen Towers</u>, 147 D.P.R. 874 (1999); <u>García Claudio</u> v. <u>García Guevara</u>, 145 D.P.R. 659 (1998); calcular el término para radicar un recurso de revisión administrativa, <u>Ortiz Ocasio</u> v. <u>Administración de los Sistemas de Retiro</u>, 147 D.P.R. 816 (1999); para computar el término para radicar una moción de determinaciones de hechos adicionales, <u>Soc. de</u> <u>Gananciales</u> v. <u>Sánchez</u>, 148 D.P.R. 326 (1999); para calcular el término prescriptivo de una acción, <u>Robert</u> <u>Vizcarrondo</u> v. <u>Srio. de Hacienda</u>, 114 D.P.R. 566 (1983); <u>Lugo Ortiz</u> v. <u>Lugo Ortiz</u>, 85 D.P.R. 862 (1962); computar el término para celebrar una vista de determinación de causa probable contra un menor, <u>Pueblo en el interés del</u> <u>menor M.A.F.L.</u> v. <u>Pueblo de Puerto Rico</u>, 126 D.P.R. 238 (1990); para calcular el término para la prestación de una fianza, <u>Planned Credit of P.R.</u>, Inc. v. <u>Page</u>, 103 D.P.R. 245 (1975).

tribunales al respecto. No tenemos autoridad para cambiar la vigencia de una ley."

Como señaláramos anteriormente, en el presente caso el término de vigencia diferida comenzó el día en que entró en vigor la Ley Núm. 180, ante --el 27 de julio de 1998-- y se prolongó hasta un año después, esto es, el 27 de julio de 1999. Posterior a dicha fecha entraron en efecto las disposiciones del Artículo 12 de la nueva Ley de Salario, que como bien explicamos, sólo permite reclamar los salarios de los últimos tres años. Aun cuando el 27 de julio de 1999 coincidió con el día festivo de José Celso Barbosa, no siendo de aplicación la Regla 68.1, ante, la entrada en vigor del referido Artículo <u>no</u> se extendió hasta el próximo día laborable. <u>Por tal razón, ya para el 28 de julio de 1999 estaban en pleno vigor las disposiciones del Artículo 12.</u>

En vista de que los demandantes instaron su causa de acción el 28 de julio de 1999, el remedio que podían reclamar estaba regido por el nuevo estado de derecho que lo limitó a la reclamación de los salarios devengados y no pagados de los últimos tres años. <u>Su acción no estaba prescrita pero el remedio al que tenían derecho cambió.</u> Para poder cobijarse bajo el ordenamiento jurídico anterior, y así reclamar los salarios de los últimos diez años, debieron instar su acción entre el 27 de julio de 1998 y el 27 de julio de 1999. <u>La propia Ley proveyó y advirtió a la ciudadanía</u>

sobre esta oportunidad; sin embargo los demandantes se cruzaron de brazos y no radicaron a tiempo para poder acogerse a los remedios del antiguo régimen legal.

En virtud de lo anterior, no quedaba otra alternativa que concluir que al radicar su pleito el 28 de julio de 1999, la reclamación de los demandantes quedó sujeta al remedio establecido bajo la nueva Ley de Salarios que permite reclamar sólo los salarios de los últimos tres años a partir de que se instó la acción, en cuanto a los empleados que continúan trabajando para su patrono. Con relación a los empleados que cesaron en su empleo, éstos podían reclamar los salarios de los últimos tres años contados a partir de la fecha en que cesaron en el mismo. 29 L.P.R.A. sec. 250j(b) y (c). Contrario a lo que hoy resuelve la Mayoría de este Tribunal, las reclamaciones de salarios correspondientes a períodos anteriores en tiempo debieron ser desestimadas.

Este Tribunal olvida que si bien es cierto que las leyes laborales deben interpretarse de forma favorable para el obrero, cumpliendo así con el propósito reparador que persiguen las mismas, Irizarry v. Johnson & Johnson Consumer Products, res. el 27 de enero de 2000, 2000 TSPR 15, ello no debe utilizarse como justificación para obviar o ignorar los términos expresamente establecidos por el legislador en dichos estatutos.

IV

En mérito de lo antes expuesto, y al igual que en la antes mencionada situación, hubiésemos confirmado la resolución emitida por el Tribunal de Apelaciones en el presente caso.


FRANCISCO REBOLLO LÓPEZ
Juez Presidente Interino