REYNALDO HERNÁNDEZ LOZANO ET ALS., peticionarios, *v.* SHERING PLOUGH PRODUCTS, INC. y MANATÍ OPERATIONS, ETC., recurridos.

*Número:* AC-2001-53     *Resuelto:* 25 de abril de 2003

*Víctor Bermúdez Pérez* y *Ana R. Mellado González*, abogados de la parte apelante; *Ángel Berbena* y *Luis F. Antonetti*, abogados de la parte apelada.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos la ocasión para determinar cuándo entró en vigor la disposición estatutaria que limita a tres años el período para reclamar salarios adeudados.

I

Los peticionarios en el caso de autos instaron una demanda sobre reclamación de salarios, horas extras, vacaciones, período de tomar alimentos y otros beneficios con-

tra su patrono Shering Plough Products, Inc., Manatí Operations.([1])

La demanda original fue presentada el 28 de julio de 1999.

El 2 de agosto de 2000 la parte demandada presentó una moción para solicitar que se dictara una sentencia sumaria parcial en la cual alegó, en síntesis, que al momento de la presentación de la demanda referida, ya estaban en vigor las disposiciones de la Ley Núm. 180 de 27 de julio de 1998 (29 L.P.R.A. sec. 250 *et seq.*), que dispuso que a todo caso de reclamación salarial que se presentara luego de un año de aprobada esa ley, le aplicaría un término prescriptivo de tres años con respecto al pago de los salarios adeudados. Como la demanda aquí se presentó el 28 de julio de 1999, la parte demandada adujo que le aplicaba la ley referida y, por lo tanto, toda reclamación salarial correspondiente a períodos anteriores al 28 de julio de 1996 se debía desestimar.

Los peticionarios se opusieron a la solicitud referida y, en lo esencial, alegaron que según lo dispuesto por la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la ley en cuestión no cobijaba el caso de autos. Adujeron los peticionarios que los términos prescriptivos de la ley aludida entraban en vigor luego del 28 de julio de 1999, porque el día anterior (27 de julio de 1999) había sido un día feriado.([2])

El 12 de marzo de 2001 el Tribunal de Primera Instancia, Sala Superior de Arecibo, dictó una sentencia mediante la cual desestimó "con perjuicio toda reclamación contenida en la demanda de epígrafe para cualquier período de tiempo anterior al 28 de julio de 1996".

---

([1]) La parte peticionaria estuvo constituida por Reynaldo Hernández Lozano, Domingo Escobar Negrón, Migdalia Hernández Ortiz, María E. Padilla Figueroa, Eliécer Román Valentín, Juan Otero Class, María Bruno Figueroa, Lorenzo Román Morales y Aida Rojas Morales, quienes han sido o son empleados de la parte recurrida.

([2]) El 24 de julio de 1999 fue sábado y el 26 y 27 fueron días feriados (día de la Constitución y de José Celso Barbosa, respectivamente).

Inconformes con esa sentencia, los peticionarios presentaron un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones, el cual denegó la expedición del auto solicitado. Acudieron entonces ante nos. Plantearon los peticionarios, en lo que aquí nos concierne, que el Tribunal de Circuito de Apelaciones había errado al confirmar la sentencia del foro de instancia mediante la cual se había desestimado con perjuicio todas las reclamaciones salariales anteriores al 28 de julio de 1996.

El 30 de noviembre de 2001 acogimos el recurso referido como un *certiorari*, y lo expedimos a fin de revisar la aludida resolución del foro apelativo del 22 de agosto de 2001. Luego de una prórroga, la parte peticionaria presentó su alegato el 1ro de julio de 2002, y la parte recurrida presentó el suyo el 30 de julio de 2002. Pasamos a resolver.

## II

El Art. 12 de la Ley Núm. 180, *supra*, 29 L.P.R.A. sec. 250j, conocida como Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico, en lo pertinente, dispone lo siguiente:

*Término prescriptivo*

.    .    .    .    .    .    .    .

(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviese derecho el empleado, por cualquier concepto, durante los últimos tres (3) años anteriores a la fecha en que se estableciese la acción judicial.

(c) En el caso de que el empleado hubiese cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos tres (3) años anteriores a la fecha de su cesantía.

.    .    .    .    .    .    .    .

Lo dispuesto en esta sección en nada afectará los casos ya radicados en los tribunales, *o que se radiquen dentro de un año después de entrar en vigor este capítulo.* (Énfasis suplido.)

El estatuto transcrito enmendó la Sec. 32 de la Ley Núm. 96 de 26 de junio de 1956 y redujo significativa-

mente el número de años por los cuales los empleados podrán reclamar salarios adeudados, de diez a tres años.

La referida Ley Núm. 180 fue aprobada el 27 de julio de 1998 y comenzó a regir inmediatamente después de su aprobación, según lo establece su Ar. 18 (1998 (Parte 1) Leyes de Puerto Rico 692, 706). Sin embargo, de acuerdo con el inciso (e) de su Art. 12 (29 L.P.R.A. sec. 250j(e)), la enmienda referida que estableció el estatuto no afectaría los casos ya presentados en los tribunales o los que se presentaran dentro de un año después de entrar en vigor la ley. El año después de entrar en vigor la ley se hubiese cumplido el martes 27 de julio de 1999, pero ese era día de fiesta oficial en Puerto Rico, por ser el natalicio del Dr. José Celso Barbosa.[3]

La demanda en el caso de autos fue presentada el 28 de julio de 1999.

■ La controversia ante nos es, por lo tanto, si para todos los efectos legales, el término del año en cuestión se debe de computar excluyendo el último día por ser día de fiesta, en conformidad con lo que establece la Regla 68.1 de Procedimiento Civil:

> En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado.[4] 32 L.P.R.A. Ap. III.

El Tribunal de Circuito de Apelaciones resolvió que el inciso (e) del Art. 12 de la Ley Núm. 180, *supra*, no esta-

---

[3] 1 L.P.R.A. sec. 80.

[4] El Art. 388 del Código Político, 1 L.P.R.A. sec. 72, establece: "El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido."

blecía un período prescriptivo y sí la fecha de vigencia de una ley, por lo que señaló al respecto:

> La Ley Núm. 180, *supra*, entro en vigor el 27 de julio de 1998. Transcurrido un año, el artículo 12 de la citada ley entró en vigor el 27 de julio de 1999. Desde entonces, las reclamaciones de los empleados contra su patrono tienen que limitarse a los últimos tres (3) años, ello independientemente de que el 27 de julio de 1999 coincidiera con un día festivo. Es el legislador quien decide la fecha de vigencia de una ley. Si el legislador no se percató de que la vigencia propuesta para dicho artículo iba a coincidir con un día festivo, nada pueden hacer los tribunales al respecto.

Consideramos que el razonamiento del Tribunal de Circuito de Apelaciones no es correcto. Nótese, en primer lugar, que el citado inciso (e) del Art. 12 no establece la fecha de vigencia de la Ley Núm. 180, *supra*, como erróneamente afirmó el Tribunal de Circuito de Apelaciones. La ley realmente entró en vigor *inmediatamente después de su aprobación*, tal como establece expresamente su citado Art. 18.

Lo que estableció el referido inciso (e) del Art. 12 de la ley que aquí nos concierne es que los términos de prescripción que allí se fijaban no afectarían a los casos ya "radicados" en los tribunales, ni a los que se presentasen dentro de un año después de entrar en vigor la ley. Claramente se trata de una disposición que tiene implicaciones procesales relativas a cuáles acciones podían presentarse y cuáles no, por lo que no se trata simplemente de una disposición sobre la fecha en la cual comenzará a regir una ley o parte de ella. Como la disposición referida tiene tales consecuencias procesales relativas a la presentación de las acciones previstas, es evidente que debe aplicarse aquí lo dispuesto en la Regla 68.1 de Procedimiento Civil, *supra*.

■ En segundo lugar, el lenguaje de la citada Regla 68.1 de Procedimiento Civil es amplio y abarcador. Se refiere *a cualquier término prescrito o concedido* por las Reglas de Procedimiento Civil, por orden del tribunal o *por cualquier estatuto aplicable*. A la luz de unos términos tan

literalmente abarcadores, no encontramos razón alguna por la cual debe de excluirse de lo dispuesto por esa regla el término de un año que se concede en el inciso (e) del Art. 12 de la Ley Núm. 180, *supra.*

Es menester tener en cuenta también que el 27 de julio de 1999 los peticionarios no podían presentar su acción, ya que siendo un día feriado los tribunales no estaban abiertos. Aplica aquí lo que resolvimos en *Márquez v. Junta Insular de Elecciones*, 41 D.P.R. 1, 14 (1930), al interpretar el Art. 388 del Código Político, 1 L.P.R.A. sec. 72, que dispone lo mismo que la Regla 68.1 en lo que aquí nos concierne:

> Es evidente la intención del legislador con respecto a la consideración de los días festivos; en ellos no se pueden realizar válida y eficazmente otros actos que los que de una manera expresa hayan sido señalados por la ley; los demás deben transferirse o posponerse, y el mismo artículo 388 que señalamos, les da eficacia cuando se llevan a cabo en el día siguiente, lo mismo que si lo hubieran sido en el día señalado.

Así mismo debe tenerse en cuenta que cuando se trata de disposiciones relacionadas con la prescripción de las acciones, éstas no se deben aplicar a ningún caso a menos que eso proceda claramente. El alcance de una disposición sobre prescripción nunca debe ampliarse mediante interpretación. *Dávila v. Torres*, 58 D.P.R. 881, 886 (1941).

Finalmente, debe mencionarse que otro panel del mismo Tribunal de Circuito de Apelaciones resolvió un caso igual al de autos de modo contrario a como lo hizo el panel que intervino en el que aquí nos concierne, adjudicando aquel caso como estimamos que debe hacerse. Señaló el foro apelativo en *Rodríguez Rodríguez v. Eugenio Serafín, Inc.*, KLCE0001470, en resolución emitida el 20 de febrero de 2001, por el Circuito Regional II, Bayamón, Panel I:

> Es imperioso que dejemos establecido que los planteamien-

374

tos del peticionario, Eugenio Serafín, Inc. son frívolos e inmeritorios. Como dijimos anteriormente, la Ley 180, *supra*, fue aprobada el 27 de julio de 1998 y la misma, en su Art. 12, contiene una cláusula que cobija aquellas reclamaciones que se presenten dentro de un año después de entrar en vigor la ley. En el caso que nos ocupa, la querella fue presentada el 28 de julio de 1999. Sin embargo, basta con hojear un calendario para percatarnos que los días 24 al 27 de julio fueron feriados, lo cual puede ser constatado fácilmente. Por ello, el término del año prescriptivo para presentar la querella venció el 28 de julio de 1999.

Por los fundamentos expuestos, *resolvemos que los peticionarios presentaron su acción a tiempo. Erró el foro apelativo en el caso de autos al resolver de otro modo. Se dictará una sentencia para dejar sin efecto la resolución del foro apelativo examinada aquí y para revocar también el dictamen del foro de instancia en el caso de autos. Se devolverá el caso a este foro para que continúen los procedimientos conforme a lo aquí resuelto.*