*921 SENTENCIA
El 10 de febrero de 2006 expedimos el auto de certiorari en el caso de epígrafe para revisar un dictamen final del Tribunal de Apelaciones, mediante el cual se determinó que unos empleados, que presentaron una demanda contra su patrono el 28 de julio de 1999, reclamando el pago de salarios adeudados, entre otras cosas, podían reclamarlos por el período retroactivo de diez años.
Por medio de la presente, revocamos la resolución recurrida del Tribunal de Apelaciones y concluimos que los referidos empleados pueden reclamar los salarios debidos y no pagados por los tres años anteriores a la presentación de la demanda.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez emitió una opinión de conformidad, a la que se unen el Juez Presidente Señor Hernández Denton y el Juez Asociado Señor Rebollo López. El Juez Asociado Señor Fuster Berlingeri y la Jueza Asociada Señora Fiol Matta disintieron sin opinión escrita. La Juez Asociada Señora Rodríguez Rodríguez concurrió sin opinión escrita.
Opinión de conformidad emitida por el
Juez Asociado Señor Rivera Pérez, a la que se une el Juez Presidente Señor Hernández Denton y el Juez Asociado Señor Rebollo López.
Estamos conformes con el resultado que le imprime la Mayoría al caso de epígrafe, ya que, conforme a nuestro estado de derecho vigente, los empleados de marras pueden reclamar de su patrono los salarios debidos y no pagados por el período retroactivo de tres años y no por el período decenal de la legislación de salario mínimo de 1956. *922 De igual manera, consideramos que no procede enmendar las alegaciones de una demanda cuando el asunto objeto de la pretendida enmienda ha sido previamente adjudicado mediante sentencia final y firme. Veamos.
I
El 28 de julio de 1999 el Sr. José Torres Quintero y otros dos empleados (empleados o demandantes) presentaron ante el Tribunal de Primera Instancia una demanda contra su patrono, Pfizer Pharmaceuticals, Inc. (Pfizer o patrono).(1) Reclamaron el pago de salarios por los conceptos siguientes: horas extras trabajadas en exceso de cuarenta semanales, séptimos días de trabajo consecutivo, vacaciones fraccionadas, bono de Navidad, así como el pago de beneficios por un plan de ahorro y retiro. Solicitaron el pago de salarios por los diez años previos a la presentación de la demanda.(2)
El 29 de noviembre de 1999 Pfizer presentó la Moción Solicitando Desestimación y/o Sentencia Sumaria Parcial. Mediante ésta alegó, entre otras cosas, que las reclamaciones previas al 28 de julio de 1996 estaban prescritas. Fundamentó su pedimento en el Art. 12 de la Ley Núm. 180 de 27 de julio de 1998, que modificó el período retroactivo para reclamar salarios de diez a tres años.(3) Dicha legislación entró en vigor el 27 de julio de 1998 y dispuso en el inciso (e) del artículo en cuestión que el nuevo período retroactivo de tres años no aplicaría a los casos ya presentados o que se presentaran en los tribunales dentro del pe *923 ríodo de un año a partir del 27 de julio de 1998.(4) Pfizer alegó que la demanda presentada el 28 de julio de 1999 facultaba a los empleados a reclamar únicamente por el período de tres años. Ello porque se presentó pasado el término de gracia de un año, preceptuado en el referido artículo, para reclamar salarios por el período decenal.(5)
Los empleados se opusieron alegando que dicho término era prescriptivo, por lo cual debía computarse conforme a lo dispuesto en la Regla 68.1 de Procedimiento Civil.(6) Intimaron, en síntesis, que su reclamación se presentó a tiempo, ya que el 27 de julio de 1999 se celebró el natalicio del Dr. José Celso Barbosa, día de fiesta legal en Puerto Rico. En tal virtud, esgrimieron que podían reclamar los salarios por el período de diez años.
En su réplica, Pfizer alegó, en esencia, que el inciso (e) del Art. 12 de la Ley Núm. 180, supra, 29 L.P.R.A. sec. 250j(e), no establecía un término prescriptivo, sino que más bien marcaba el momento en que las disposiciones de éste entraban en vigor. Argüyó, entre otras cosas, que su único efecto era mantener en suspenso la vigencia de dicho estatuto por un año. En consecuencia, alegó que para el 28 de julio de 1999, fecha de la presentación de la demanda, el estado de derecho vigente era la Ley Núm. 180, supra, y no la legislación de salario mínimo de 1956 que permitía recobrar salarios adeudados por un período retroactivo de diez años.(7)
El 1 de marzo de 2000 el foro primario dictó sentencia parcial, con carácter final, mediante la cual limitó la recia *924 mación de los demandantes a los tres años anteriores a la presentación de la demanda. Fundamentó su determinación en que el término de un (1) año, preceptuado en el inciso (e) del Art. 12 de la Ley Núm. 180, supra, es un término que se refiere a la entrada en vigor de dicha disposición estatutaria y no a un término prescriptivo. Concluyó, además, que a toda reclamación presentada después del 27 de julio de 1999 le aplica el período retroactivo de tres años.(8) El 13 de marzo de 2000 el foro en cuestión enmendó su sentencia para desestimar con perjuicio las reclamaciones de los empleados bajo el plan de ahorros y retiro.(9)
Inconformes con esta determinación, los demandantes acudieron, mediante un escrito de certiorari, ante el anterior Tribunal de Circuito de Apelaciones para alegar, entre otras cosas, que el foro primario había incidido al determinar que su reclamación estaba prescrita en cuanto a los siete años previos al 28 de julio de 1996, así como al desestimar con perjuicio la reclamación bajo el plan de ahorro y retiro.
Mediante Sentencia de 27 de jimio de 2000, el foro intermedio apelativo confirmó la sentencia parcial emitida por el Tribunal de Primera Instancia. Concluyó, en esencia y en lo pertinente, que la Ley Núm. 180, supra, había entrado en vigor inmediatamente después de su aprobación, o sea, el 27 de julio de 1998, y que, de acuerdo con el inciso (e) del Art. 12, supra, el término de un (1) año para entablar demandas por el período retroactivo de diez años, concluyó el 27 de julio de 1999, esto es, un día antes de que los empleados presentaran su reclamación judicial. Indicó, además, que los tribunales no tienen autorización para cambiar la vigencia de una ley. Determinó que éstos nada pueden hacer cuando el legislador no se ha percatado de *925 que la fecha propuesta para la entrada en vigor de un estatuto coincide con un día feriado. Señaló, además, que los allí apelantes tuvieron todo un año durante el cual pudieron presentar su reclamación por el período retroactivo de diez años, mas no lo hicieron. Por otra parte, el foro intermedio apelativo revocó al Tribunal de Primera Instancia en cuanto a la desestimación con perjuicio de las reclamaciones de los empleados bajo el plan de ahorro y retiro. Fundamentó tal determinación en que no se habían agotado los procedimientos administrativos internos en Pfizer. Por tal motivo, indicó que únicamente las reclamaciones bajo el plan de ahorro y retiro debían desestimarse sin perjuicio.(10)
Inconformes, el 2 de octubre de 2000 los empleados acudieron ante este Foro mediante un escrito de certiorari. Mediante la Resolución de 21 de noviembre de 2000, denegamos la expedición del recurso.(11)
Devuelto el caso al Tribunal de Primera Instancia, y luego de múltiples incidentes procesales, el 28 de enero de 2003 los empleados presentaron una demanda enmendada, mediante la cual solicitaron, entre otras cosas, la bifurcación de los procedimientos para dirimir, en dos vistas separadas, las reclamaciones de cada uno de los demandantes y el importe total de los salarios adeudados conforme a las nóminas de Pfizer. Reclamaron nuevamente el pago de salarios por el período retroactivo de diez años.(12) Pfizer se opuso, alegando que la sentencia, dictada el 27 de junio de 2000 por el anterior Tribunal de Circuito de Apelaciones —mediante la cual confirmara al foro pri *926 mario— había advenido final, firme e inapelable. Alegó, además, que permitir la referida enmienda le ocasionaría un grave perjuicio y afectaría seriamente la adjudicación de la cuestión litigiosa. Intimó, entre otras cosas, que el único fin de la parte demandante era incluir nuevamente las reclamaciones salariales por el período decenal. El 25 de junio de 2003 el Tribunal de Primera Instancia denegó las enmiendas solicitadas.(13)
Luego de varias incidencias procesales, el 26 de abril de 2005 los demandantes de autos presentaron una Demanda Enmendada, solicitando el pago de los salarios por los diez años previos a la presentación de la demanda original. Fundamentaron su pedimento en una opinión de este Foro que, a su entender, había cambiado el estado de derecho en relación con el alcance e interpretación del Art. 12 de la Ley Núm. 180, supra.(14) Asimismo, incluyeron como demandantes a cuatro empleados de Pfizer quienes, alegadamente, tenían las mismas reclamaciones contra el patrono.(15) Pfizer se opuso arguyendo que no procedía enmendar la demanda luego de que había advenido final y firme la sentencia del anterior Tribunal de Circuito de Apelaciones, mediante la cual se dispuso que los empleados no podían reclamar los salarios por el período decenal. Asimismo, esgrimió que no procedía presentar una demanda enmendada en un estado tan avanzado de los procedimientos, luego de casi seis años de haberse instando la demanda original. El 15 de junio de 2005 el Tribunal de Primera Instancia declaró “no ha lugar” al pedimento de Pfizer.(16)
*927 Inconforme, el 19 de julio de 2005, mediante un escrito de certiorari, Pfizer acudió ante el Tribunal de Apelaciones alegando, entre otras cosas, que el foro primario había incidido al permitir que los empleados enmendaran su demanda para, entre otros, incorporar alegaciones previamente desestimadas mediante sentencia parcial final, firme e inapelable. Argüyó, además, que a los allí apelados no les asistía el derecho a recobrar salarios por el período decenal, contrario a lo resuelto por este Foro en Hernández v. Shering, 159 D.P.R. 367 (2003), ya que en dicho caso, contrario al de marras, no había recaído previamente una sentencia final, firme e inapelable. Indicó, entre otras cosas, que la determinación del anterior Tribunal de Circuito de Apelaciones, desestimando las reclamaciones previas al 28 de julio de 1996, eran obligatorias para resolver la controversia. Finalmente, intimó que permitir la presentación de una demanda enmendada la ubicaba en una posición de indefensión, ya que había confiado en la certeza y finalidad de la sentencia emitida el 27 de junio de 2000 por el foro intermedio apelativo.
Mediante la Resolución de 20 de septiembre de 2005, el Tribunal de Apelaciones concluyó que, ante la determinación de este Foro en Hernández v. Shering, supra, el estado de derecho había cambiado y, por ende, la teoría del caso de los empleados. El foro en cuestión concluyó que éstos podían reclamar los salarios por el período decenal. Dicho tribunal concluyó que sería injusto no permitir a unos empleados probar sus alegaciones, ya que en nuestro ordenamiento jurídico existe una política pública de protección a los derechos de la clase trabajadora.(17)
Insatisfecha con tal determinación, Pfizer acude ante nos fundamentándose, esencialmente, en la reinterpretación del alcance y la aplicación del Art. 12 de la Ley Núm. *928 180, supra, que hiciéramos en González v. Merck, 166 D.P.R. 659 (2006).
En consecuencia, Pfizer alega la comisión del error siguiente:
Erró el Tribunal de Apelaciones al permitir a los recurridos enmendar su demanda, toda vez que esto causará grave perjuicio a la parte demandada, impactaría la pronta adjudicación de la cuestión litigiosa, y tal proceder socava la confianza que se debe tener en la finalidad y certeza de los procedimientos judiciales y es contrario a derecho. Petición de certiorari, pág. 13.
II

Interpretación y alcance del Art. 12 de la Ley Núm. 180 de 1998 a la luz del estado de derecho vigente

Recientemente resolvimos una controversia similar a la de marras en cuanto al número de años, retroactivos a la presentación de una demanda, que un empleado puede reclamar de su patrono por salarios debidos y no pagados. Dicha controversia nos permitió evaluar si el término de un (1) año, preceptuado en el inciso (e) del Art. 12, supra, es un término de vigencia diferida o uno de naturaleza prescriptiva. Id.
En Gonzalez v. Merck, supra, unos empleados presentaron una demanda contra su patrono el 28 de julio de 1999. Reclamaron el pago de salarios adeudados por los diez años previos a la presentación de la acción judicial.
Intimaron que, ya que el 27 de julio de 1999 había sido día de fiesta legal, el término de un (1) año para reclamar por el período decenal de la legislación anterior se había extendido hasta el día siguiente. Esto, a su entender, estaba en conformidad con la Regla 68.1 de Procedimiento Civil, supra.
Resolvimos que para el 28 de julio de 1999 ya estaba en *929 pleno vigor el período retroactivo de tres años estatuido en el Art. 12 de la Ley Núm. 180, supra. En consecuencia, concluimos que una demanda presentada en dicha fecha no facultaba a reclamar por el período decenal de la legislación de salario mínimo de 1956. Resolvimos, además, que el término de un año del Art. 12 de la Ley Núm. 180, supra, se refiere a un término de vigencia diferida o “vacatio legis” y no a un término prescriptivo. En dicho caso expresamos lo siguiente:
Si examinamos el texto claro y libre de ambigüedad de la referida disposición estatutaria,(18) entendiéndolo en su más corriente y usual significación, surge que mediante ésta la Legislatura aplazó por el término de un año el momento cuando las disposiciones del Art. 12, ante, comenzarían a tener efecto. De este modo, las disposiciones del referido artículo de ley cobraron efecto el 28 de julio de 1999; esto es, luego de transcurrido un año de que la Ley Núm. 180, ante, entrara en vigor. ... Durante el período transcurrido entre el 27 de julio de 1998 —fecha en que comenzó a regir la Ley Núm. 180, ante—y el 27 de julio de 1999, regiría lo establecido bajo la legislación anterior .... Esto es, aquellos casos instados durante ese período podrían incluir en sus reclamaciones los salarios debidos y no pagados de los pasados diez años. (Escolio omitido, y énfasis suplido y en el original.) González v. Merck, supra, págs. 673-674.
Asimismo, en aquel caso tuvimos la oportunidad de atender el planteamiento de los empleados de Merck, similar al que esbozan los recurridos de marras, en cuanto a que el término de un (1) año, preceptuado en el Art. 12 de la Ley Núm. 180, supra, debe computarse de acuerdo con la Regla 68.1 de Procedimiento Civil, supra. Nos expresamos de la manera siguiente:
A diferencia de un término prescriptivo, el Art. 12(e) no tiene el efecto de extinguir un derecho. Su objeto es proveer un corto tiempo adicional para que, antes de la vigencia del nuevo es *930 tado de derecho que alterará el remedio provisto, los interesados puedan instar el pleito y así beneficiarse de la ley anterior cuyo remedio era más amplio. ... Lo que hace el Art. 12(e) es advertirle a la ciudadanía que si se presenta el pleito fuera del plazo “vacatio legis”, el remedio disponible será otro, esto es, el dispuesto en la nueva ley .... (Escolio omitido.)(19)
De igual manera, y en atención a los planteamientos de los recurridos, en dicho caso expresamos lo siguiente:
Coincidimos con los planteamientos emitidos por el foro apelativo a los efectos de que “es el legislador quien decide la fecha de vigencia de una ley. Si el legislador no se percató de que la vigencia propuesta para dicho artículo iba a coincidir con un día festivo, nada pueden hacer los tribunales al respecto. No tenemos autoridad para cambiar la vigencia de una ley”. (Énfasis suplido.) González v. Merck, supra, pág. 682.
Tal como concluyéramos en González v. Merck, supra, la reclamación laboral de marras, presentada el 28 de julio de 1999, quedó sujeta al remedio de tres años establecido en el Art. 12 de la Ley Núm. 180, supra. No podemos perder de perspectiva que los aquí recurridos tuvieron un (1) año para beneficiarse del plazo decenal de la legislación anterior de salario mínimo. Para poder cobijarse bajo sus disposiciones, y así reclamar los salarios por el período de diez años, debieron instar su acción judicial antes del 28 de julio de 1999. La propia ley proveyó y advirtió a la ciudadanía sobre esta oportunidad.
Concluimos que los recurridos únicamente pueden reclamar los salarios debidos y no pagados por los tres años anteriores a la presentación de la demanda.

Enmiendas a las alegaciones luego de un dictamen final y firme

Este Foro ha expresado que aunque la Regla 13.1 de Procedimiento Civil(20) establece una clara directriz en cuanto a la concesión liberal de las enmiendas cuando la *931 justicia así lo requiera, dicha liberalidad no es infinita. La concesión de las enmiendas se encuentra condicionada por un juicioso ejercicio de discreción, en el cual se deben ponderar los elementos siguientes: (1) el momento en que se solicita la enmienda; (2) el impacto de la solicitud en la pronta adjudicación de la cuestión litigiosa; (3) la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda; (4) el perjuicio que ésta causaría a la otra parte, y (5) la naturaleza y los méritos intrínsecos de la defensa que se plantea. Al presentarse una solicitud para enmendar las alegaciones, el tribunal debe evaluar, como requisito indispensable para la concesión de la enmienda, si ésta implica un perjuicio indebido para la parte contraria. Este factor es determinante.(21)
Surge de la relación fáctica que antecede que el foro primario dictó sentencia parcial con carácter final el 13 de marzo de 2000 y que ésta fue confirmada por el foro intermedio apelativo el 27 de junio de 2000, adquiriendo carácter final y firme posteriormente. No obstante, el 26 de abril de 2005 los aquí recurridos intentaron enmendar las alegaciones de la demanda original casi seis años después de presentada y luego de que, tanto el foro primario como el foro intermedio apelativo, adjudicaran precisamente el asunto objeto de la pretendida enmienda.(22)
Permitir la presentación de una demanda enmendada en un estado tan avanzado de los procedimientos atentaría contra la agilidad que deben tener los procesos ante los tribunales e incidiría sobre la confianza que deben tener las partes, y la ciudadanía en general, en la finalidad y firmeza de los pronunciamientos judiciales que adquieren tal carácter.
*932 i—I I—I
Por los fundamentos antes expuestos, coincidimos con la Mayoría en revocar la sentencia del Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo resuelto.

 Los otros empleados demandantes son los Sres. Jaime Ruiz Hernández y Ángel Luis Santiago Cruz.

 Sentencia del Tribunal de Apelaciones de 27 de junio de 2000, Apéndice de la Petición de certiorari, págs. 76-86.

 29 L.P.R.A. sec. 250j(b)(c). El Art. 12 de la Ley Núm. 180 de 27 de julio de 1998 enmendó la See. 32 de la Ley Núm. 96 de 26 de junio 1956, que facultaba a los empleados a reclamar salarios adeudados por un período de hasta diez años retroactivos a la presentación de una acción judicial.

 29 L.P.R.A. sec. 250j(e).

 Véase Moción Solicitando Desestimación y/o Sentencia Sumaria Parcial, Apéndice del Alegato de la parte peticionaria, págs. 1-4.

 32 L.P.R.A. Ap. III. En lo pertinente, esta regla preceptúa que en la computación de cualquier término prescrito o concedido por las Reglas de Procedimiento Civil, por orden del tribunal o por cualquier estatuto aplicable, no se computará el último día del término cuando sea sábado, domingo o día de fiesta legal.

 Sentencia del Tribunal de Apelaciones de 27 de junio de 2000, Apéndice de la Petición de certiorari, págs. 76-86.

 Sentencia parcial de 1 de marzo de 2000, Apéndice de la Petición de certiorari, págs. 66-69.

 Sentencia parcial enmendada nunc pro tune de 13 de marzo de 2000, Apéndice de la Petición de certiorari, págs. 71-74.

 Sentencia de 27 de junio de 2000, Apéndice de la Petición de certiorari, págs. 76-86.

 Resolución de 21 de noviembre de 2000, Apéndice de la Petición de certiorari, pág. 97. En dicha resolución, el Juez Asociado Señor Fuster Berlingeri hizo constar que expediría, mientras que el Juez Asociado Señor Rebollo López y el entonces Juez Asociado Señor Corrada Del Río no intervinieron.

 Demanda enmendada de 28 de enero de 2003, Apéndice de la Petición de certiorari, págs. 214-225.

 Notificación de 25 de junio de 2003, archivada en autos una copia de la notificación a las partes el 3 de julio de 2003. Apéndice de la Petición de certiorari, pág. 235.

 Los demandantes fundamentaron su reclamación en nuestra opinión en el caso Hernández v. Shering, 159 D.P.R. 367 (2003).

 Demanda enmendada de 25 de abril de 2005, Apéndice de la Petición de certiorari, págs. 242-253.

 Notificación de 15 de junio de 2005, archivada en autos una copia de la notificación a las partes el 17 de junio de 2005, Apéndice de la Petición de certiorari, pág. 263.

 Resolución del Tribunal de Apelaciones de 20 de septiembre de 2005, Apéndice de la Petición de certiorari, págs. 3-7.

 Se refiere al inciso (e) del Art. 12 de la Ley Núm. 180, supra.

 Gonzalez v. Merck, supra, págs. 677-678.

 32 L.P.R.A. Ap. III.

 Consejo Cond. Plaza del Mar v. Jetter, 169 D.P.R. 643 (2006); S.L.G. Sierra v. Rodríguez, 163 D.P.R. 738 (2005); Epifanio Vidal, Inc. v. Suro, 103 D.P.R. 793 (1975).

 Conviene destacar que el foro primario denegó las enmiendas solicitadas en una ocasión previa, esto es, el 25 de junio de 2003.